IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SIPCO, LLC, | ) | Civil Action File |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONTROL4 CORPORATION; DIGI | ) | |
| INTERNATIONAL INC.; HOME | ) | |
| AUTOMATION INC.; SCHNEIDER | ) | |
| ELECTRIC BUILDINGS AMERICAS, | ) | No. 6:10cv249 |
| INC.; SCHNEIDER ELECTRIC USA, | ) | |
| INC.; and SIEMENS INDUSTRY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SIPCO, LLC ("SIPCO") hereby makes and files this Complaint for

patent infringement against Defendants CONTROL4 CORPORATION

("Control4"), DIGI INTERNATIONAL INC. ("Digi"), HOME AUTOMATION

INC. ("HAI"), SCHNEIDER ELECTRIC BUILDINGS AMERICAS, INC.

("Schneider Buildings"), SCHNEIDER ELECTRIC USA, INC. ("Schneider

USA"), and SIEMENS INDUSTRY, INC. ("Siemens") (collectively,

"Defendants"), and respectfully shows the Court as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement, brought under the Patent Act, 35 U.S.C. §§ 101 *et seq.*  Plaintiff SIPCO is the leading company in the design and development of wireless mesh networks.  As set forth more fully below, Defendants are willfully infringing a number of SIPCO's patents.

2.      U.S. Patent No. 7,103,511 (the "'511 Patent"), entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices," was duly and legally issued on September 5, 2006 by the U.S. Patent and Trademark Office to StatSignal IPC, LLC, the assignee of the named inventor Thomas D. Petite.  A true and correct copy of the '511 Patent is attached hereto as Exhibit A.

3.      U.S. Patent No. 7,468,661 (the "'661 Patent"), entitled "System and Method for Monitoring and Controlling Remote Devices," was duly and legally issued on December 23, 2008 by the U.S. Patent and Trademark Office to Hunt Technologies, Inc., the assignee of the named inventors Thomas D. Petite and Richard M. Huff.  A true and correct copy of the '661 Patent is attached hereto as Exhibit B.

4.      U.S. Patent No. 7,697,492 (the "'492 Patent"), entitled "Systems and Methods for Monitoring and Controlling Remote Devices," was duly and legally issued on April 13, 2010 by the U.S. Patent and Trademark Office to

SIPCO, LLC, the assignee of the named inventor Thomas D. Petite.  A true and correct copy of the '492 Patent is attached hereto as Exhibit C.

5.     Plaintiff SIPCO is the sole owner of the entire right, title, and interest in the '511 Patent, the '661 Patent, and the '492 Patent (collectively, the "Patents-in-Suit") by virtue of assignment.

6.     Thomas D. Petite, the President of Plaintiff SIPCO, is the lead inventor of the technologies embodied in the Patents-in-Suit.  Mr. Petite is a pioneer in the field of wireless technology, and his inventions are widely deployed in a variety of products and networks throughout the United States.  Mr. Petitie's contributions have been widely recognized as many companies throughout the Smart Energy industries are either using his patented technology directly or have taken licenses to this technology, including, but not limited to, GE Appliances, Silver Spring Networks, Inc., Landis + Gyr, Itron, Inc., Eka Systems, Inc., Tendril Networks, Inc., ESCO Technologies Holding, Inc., Comverge Inc., Intermatic, Inc., Cooper US, Inc., Advanced Sensor Technology, Elster Electricity, LLC, Hawking Technologies, Inc., Cypress Venture Group, Tantalus Systems Corp., Mesh City Inc., L.S. Research, LLC, and HomeSeer Technologies LLC.

7.     Each Defendant has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the Patents-in-Suit in systems and methods without SIPCO's permission.

8.      Plaintiff SIPCO seeks damages for each Defendant's infringement of the Patents-in-Suit.

## PARTIES

9.      Plaintiff SIPCO is a Georgia limited liability corporation.  SIPCO's places of business are in Atlanta, Georgia and McKinney, Texas.

10.     Defendant Control4 is a Delaware corporation, having its principal place of business at 11734 S. Election Road, Suite 200, Draper, Utah 84020.

11.     Defendant Digi is a Delaware corporation, having its principal place of business at 11001 Bren Road East, Minnetonka, Minnesota 55343.

12.     Defendant HAI is a Louisiana corporation, having its principal place of business at 4330 Michoud Boulevard, New Orleans, Louisiana 70129.

13.     Defendant Schneider Buildings is a Delaware corporation, having its principal place of business at 1650 W. Crosby Road, Carrollton, Texas 75006.

14.     Defendant Schneider USA is a Delaware corporation, having its principal place of business at 1415 S. Roselle Road, Palatine, Illinois 60067.

15.     Defendant Siemens is a Delaware corporation, having its principal place of business at 170 Wood Avenue S. Iselin, New Jersey 08830.

## JURISDICTION AND VENUE

16.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

17.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     This Court has personal jurisdiction over Control4.  Control4 regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Control4 has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States.  Control4 can be served with process through its registered agent, Will West, 11734 S. Election Road, Suite 200, Draper, Utah 84020.

19.     This Court has personal jurisdiction over Digi.  Digi regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Digi has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. Digi can be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

20.     This Court has personal jurisdiction over HAI.  HAI regularly conducts business in the State of Texas and is subject to the jurisdiction of this

Court.  HAI has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. HAI can be served with process through its registered agent, John R. McClellan, 25 Audubon Boulevard, New Orleans, Louisiana 70118.

21.     This Court has personal jurisdiction over Schneider Buildings. Schneider Buildings' principal place of business is in Carrollton, Texas, regularly does business in Texas, and is subject to the jurisdiction of this Court. Schneider Buildings has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States.  Schneider Buildings can be served with process through its registered agent, Prentice-Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701.

22.     This Court has personal jurisdiction over Schneider USA. Schneider USA regularly does business in Texas and is subject to the jurisdiction of this Court.  Schneider has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its

products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States.  Schneider can be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street Suite 620, Austin, Texas 78701. Schneider Buildings and Schneider USA will be referred to herein individually and collectively as the "Schneider Defendants."

23.     This Court has personal jurisdiction over Siemens.  Siemens has branch offices throughout the State of Texas, regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Siemens has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States.  Siemens Industry can be served with process through its registered agent, CT Corporation System, 350 N Saint Paul Street, Suite 2900, Dallas, Texas 75201.

24.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendants have done business in this judicial district, committed acts of infringement in this judicial district, and continue to commit acts of infringement in this judicial district, all of which entitle SIPCO to relief.

## COUNT I

## OF U.S. PATENT NO. 7,103,511

25.     SIPCO restates and realleges the allegations set forth in paragraphs 1 through 24 of this Complaint and incorporates them by reference.

26.     SIPCO is the sole owner of the entire right, title, and interest in the '511 Patent by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

27.     Defendant Control4 has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its home automation products and components thereof, in violation of 35 U.S.C. § 271.

28.     Defendant Digi has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network

technology similar to that found in its XBee and XBee Pro ZB products and components thereof, in violation of 35 U.S.C. § 271.

29.     Defendant HAI has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Smart Grid Solutions products and components thereof, in violation of 35 U.S.C. § 271.

30.     The Schneider Defendants have infringed and continue to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Andover Continuum Wireless Solution products and components thereof, in violation of 35 U.S.C. § 271.

31.     Defendant Siemens has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling,

without license, certain products that consist of and/or incorporate infringing

wireless network products, including, without limitation, wireless network

technology similar to that found in its APOGEE system and components thereof,

in violation of 35 U.S.C. § 271.

32.     Defendants' directly contribute and induce infringement through

supplying infringing systems and components to customers.  Defendants'

customers who purchase systems and components thereof and operate such

systems and components thereof in accordance with Defendants' instructions

directly infringe one or more claims of the '511 Patent in violation of 35 U.S.C.

§ 271.

33.     The acts of infringement of the '511 Patent by the Defendants, and

each of them, have caused damage to SIPCO, and SIPCO is entitled to recover

from the Defendants, and each of them, the damages sustained by SIPCO as a

result of their wrongful acts in an amount subject to proof at trial.  The

infringement of SIPCO's exclusive rights under the '511 Patent by the

Defendants, and each of them, will continue to damage SIPCO, causing

irreparable harm, for which there is no adequate remedy at law, unless enjoined

by this Court.

34.     The Defendants, and each of them, have had actual or constructive

knowledge of the '511 Patent, yet each of them continues to infringe said patent.

The infringement of the '511 Patent by the Defendants, and each of them, is

willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. §

284 and to attorneys' fees and costs incurred in prosecuting this action under 35

U.S.C. § 285.

## COUNT II

## OF U.S. PATENT NO. 7,468,661

35.     SIPCO restates and realleges the allegations set forth in paragraphs

1 through 34 of this Complaint and incorporates them by reference.

36.     SIPCO is the sole owner of the entire right, title, and interest in the

'661 Patent by virtue of assignment, including all rights necessary to prosecute

this case and collect all damages, past, present and future, resulting from

Defendants' infringement.

37.     Defendant Control4 has infringed and continues to infringe one or

more claims of the '661 Patent, directly, contributorily, and/or by inducement, by

making, using, inducing others to use, importing, offering for sale, and/or selling,

without license, certain products that consist of and/or incorporate infringing

wireless network products, including, without limitation, wireless network

technology similar to that found in its home automation products and

components thereof, in violation of 35 U.S.C. § 271.

38.   Defendant Digi has infringed and continues to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its XBee and XBee Pro ZB products and components thereof, in violation of 35 U.S.C. § 271.

39.   Defendant HAI has infringed and continues to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Smart Grid Solutions products and components thereof, in violation of 35 U.S.C. § 271.

40.   The Schneider Defendants have infringed and continue to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Andover Continuum

Wireless Solution products and components thereof, in violation of 35 U.S.C.
§ 271.

      41.    Defendant Siemens has infringed and continues to infringe one or
more claims of the '661 Patent, directly, contributorily, and/or by inducement, by
making, using, inducing others to use, importing, offering for sale, and/or selling,
without license, certain products that consist of and/or incorporate infringing
wireless network products, including, without limitation, wireless network
technology similar to that found in its APOGEE system and components thereof,
in violation of 35 U.S.C. § 271.

      42.    Defendants' directly contribute and induce infringement through
supplying infringing systems and components to customers.  Defendants'
customers who purchase systems and components thereof and operate such
systems and components thereof in accordance with Defendants' instructions
directly infringe one or more claims of the '661 Patent in violation of 35 U.S.C.
§ 271.

      43.    The acts of infringement of the '661 Patent by the Defendants, and
each of them, have caused damage to SIPCO, and SIPCO is entitled to recover
from the Defendants, and each of them, the damages sustained by SIPCO as a
result of their wrongful acts in an amount subject to proof at trial.  The
infringement of SIPCO's exclusive rights under the '661 Patent by the

Defendants, and each of them, will continue to damage SIPCO, causing

irreparable harm, for which there is no adequate remedy at law, unless enjoined

by this Court.

44.     The Defendants, and each of them, have had actual or constructive

knowledge of the '661 Patent, yet each of them continues to infringe said patent.

The infringement of the '661 Patent by the Defendants, and each of them, is

willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. §

284 and to attorneys' fees and costs incurred in prosecuting this action under 35

U.S.C. § 285.

## COUNT III

## OF U.S. PATENT NO. 7,697,492

45.     SIPCO restates and realleges the allegations set forth in paragraphs

1 through 44 of this Complaint and incorporates them by reference.

46.     SIPCO is the sole owner of the entire right, title, and interest in the

'492 Patent by virtue of assignment, including all rights necessary to prosecute

this case and collect all damages, past, present and future, resulting from

Defendants' infringement.

47.     Defendant Control4 has infringed and continues to infringe one or

more claims of the '492 Patent, directly, contributorily, and/or by inducement, by

making, using, inducing others to use, importing, offering for sale, and/or selling,

without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its home automation products and components thereof, in violation of 35 U.S.C. § 271.

48.   Defendant Digi has infringed and continues to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its XBee and XBee Pro ZB product lines and components thereof, in violation of 35 U.S.C. § 271.

49.   Defendant HAI has infringed and continues to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Smart Grid Solutions products and components thereof, in violation of 35 U.S.C. § 271.

50.   The Schneider Defendants have infringed and continue to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by

inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Andover Continuum Wireless Solution products and components thereof, in violation of 35 U.S.C. § 271.

51.     Defendant Siemens has infringed and continues to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its APOGEE system and components thereof, in violation of 35 U.S.C. § 271.

52.     Defendants' directly contribute and induce infringement through supplying infringing systems and components to customers.  Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '492 Patent in violation of 35 U.S.C. § 271.

53.     The acts of infringement of the '492 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of SIPCO's exclusive rights under the '492 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

54.     The Defendants, and each of them, have had actual or constructive knowledge of the '492 Patent, yet each of them continues to infringe said patent. The infringement of the '492 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, SIPCO prays for the following relief against Defendants:

A.     A judgment that Defendants, as forth above, have directly infringed the '511 Patent, contributorily infringed the '511 Patent, and/or induced infringement of the '511 Patent;

B.      A judgment that Defendants, as forth above, have directly infringed the '661 Patent, contributorily infringed the '661 Patent, and/or induced infringement of the '661 Patent;

C.      A judgment that Defendants, as forth above, have directly infringed the '492 Patent, contributorily infringed the '492 Patent, and/or induced infringement of the '492 Patent;

D.      An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

E.      An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants, and each of them, as a result of Defendant's willful infringement;

F.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '511 Patent, as set forth herein;

G.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '661 Patent, as set forth herein;

H.     A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '492 Patent, as set forth herein;

I.     A judgment and order requiring Defendants, and each of them, to pay SIPCO pre-judgment and post-judgment interest on the full amounts of the damages awarded;

J.     A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

K.     Such other and further relief as this Court may deem just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 11th day of May, 2010.

WARD & SMITH LAW FIRM

/s/ Jack Wesley Hill
T. JOHN WARD, JR. (State Bar No. 00794818)
JACK WESLEY HILL (State Bar No. 24032294)

P.O. Box 1231
Longview, TX  75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com

KENDALL LAW GROUP, LLP
Joe Kendall
(State Bar No. 11260700)
3232 McKinney Avenue,
Suite 700 Dallas, Texas 75204
(214) 744-3000 (telephone)
jkendall@provostumphrey.com

OF COUNSEL
John C. Herman
Ryan K. Walsh
Jason S. Jackson
Peter M. Jones
Jessica K. Redmond
ROBBINS GELLER RUDMAN & DOWD LLP
Monarch Centre, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA  30326
(404) 504-6500 (telephone)
(404) 504-6501 (fax)
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
jjackson@rgrdlaw.com
pjones@rgrdlaw.com
jredmond@rgrdlaw.com