# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SIPCO, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CONTROL4 CORPORATION; DIGI INTERNATIONAL INC.; HOME AUTOMATION INC.; SCHNEIDER ELECTRIC BUILDINGS AMERICAS, INC.; SCHNEIDER ELECTRIC USA, INC.; AND SIEMENS INDUSTRY, INC. <br><br> *Defendants*. | CIVIL ACTION NO. 6:10-cv-249 <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT DIGI INTERNATIONAL INC.'S ANSWER AND DEFENSES

Defendant Digi International Inc. ("Digi") hereby sets forth its Answer and Defenses to Plaintiff SIPCO, LLC's ("SIPCO") Complaint as follows:

### ANSWER

Responding to the individually enumerated paragraphs of the Complaint, Digi states as follows:

### Nature of Action

1. Digi admits that the Complaint purports to state claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. As to allegations concerning Digi only, Digi denies that it is either infringing or willfully infringing any of SIPCO's patents. Except as expressly admitted in this paragraph, Digi lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 1 of the Complaint not concerning Digi, and therefore denies them.

2.      Digi admits that a copy of U.S. Patent No. 7,103,511 ("the '511 patent") was attached as Exhibit A to the Complaint.  Digi admits that this copy states on its face that (a) it is entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices"; (b) it was issued on September 5, 2006; (c) StatSignal IPC, LLC is the assignee; and (d) Thomas D. Petite is the inventor.  Except as expressly admitted in this paragraph, Digi lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 2 of the Complaint, and therefore denies them.

3.      Digi admits that a copy of U.S. Patent No. 7,468,661 ("the '661 patent") was attached as Exhibit B to the Complaint.  Digi admits that this copy states on its face that (a) it is entitled "System and Method for Monitoring and Controlling Remote Devices"; (b) it was issued on December 23, 2008; (c) Hunt Technologies, Inc. is the assignee; and (d) Thomas D. Petite and Richard M. Huff are the inventors.  Except as expressly admitted in this paragraph, Digi lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 3 of the Complaint, and therefore denies them.

4.      Digi admits that a copy of U.S. Patent No. 7,697,492 ("the '492 patent") was attached as Exhibit C to the Complaint.  Digi admits that this copy states on its face that (a) it is entitled "Systems and Methods for Monitoring and Controlling Remote Devices"; (b) it was issued on April 13, 2010; (c) SIPCO is the assignee; and (d) Thomas D. Petite is the inventor.  Except as expressly admitted in this paragraph, Digi lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 4 of the Complaint, and therefore denies them

5.      Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 7 of the Complaint. Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint not concerning Digi, and therefore denies them.

8. Digi admits that SIPCO seeks damages, but denies that Digi has infringed or is continuing to infringe the asserted patents. Except as expressly admitted or denied, DIGI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

**Parties**

9. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies them.

11. Digi admits that it is a Delaware corporation with a principal place of business at 11001 Bren Road East, Minnetonka, Minnesota 55343.

12. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

**Jurisdiction and Venue**

16. Digi admits that the Complaint purports to state claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

17. Digi admits that this Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

18. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies them.

19. Digi admits that this Court has personal jurisdiction over Digi. Digi admits that its registered agent is CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201. Digi denies that it has committed acts of infringement in this district, denies that it continues to commit acts of infringement in this district, and denies that SIPCO is entitled to relief. Except as expressly admitted or denied, DIGI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies them.

23. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies them.

24. Digi admits that venue will lie in this district under 28 U.S.C. § 1391.  Digi denies that this district is more convenient for the witnesses or parties than another district and denies that the interests of justice are served by the continued prosecution of this case in this district. Digi denies that it has committed acts of infringement in this district, continues to commit acts of infringement in this district, and that SIPCO is entitled to relief.  Except as expressly admitted herein, Digi denies each and every allegation of Paragraph 24 of the Complaint.

**Count I:  Purported Infringement of U.S. Patent No. 7,103,511**

25. Digi incorporates its answers to Paragraphs 1–24 of the Complaint as if fully set forth herein.

26. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 26 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint not concerning Digi, and therefore denies them.

27. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies them.

28. Digi denies the allegations of Paragraph 28 of the Complaint.

29. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies them.

30. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies them.

31. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies them.

32. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 32 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint not concerning Digi, and therefore denies them.

33. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 33 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint not concerning Digi, and therefore denies them.

34. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 34 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint not concerning Digi, and therefore denies them

**Count II:  Purported Infringement of U.S. Patent No. 7,468,661**

35. Digi incorporates its answers to Paragraphs 1–34 of the Complaint as if fully set forth herein.

36. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 36 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 36 of the Complaint not concerning Digi, and therefore denies them.

37.     Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies them.

38.     Digi denies the allegations of Paragraph 38 of the Complaint.

39.     Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies them.

40.     Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies them.

41.     Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore denies them.

42.     As to allegations concerning Digi only, Digi denies the allegations of Paragraph 42 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint not concerning Digi, and therefore denies them.

43.     As to allegations concerning Digi only, Digi denies the allegations of Paragraph 43 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint not concerning Digi, and therefore denies them.

44.     As to allegations concerning Digi only, Digi denies the allegations of Paragraph 44 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 44 of the Complaint not concerning Digi, and therefore denies them

### Count III:  Purported Infringement of U.S. Patent No. 7,697,492

45. Digi incorporates its answers to Paragraphs 1–44 of the Complaint as if fully set forth herein.

46. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 46 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint not concerning Digi, and therefore denies them.

47. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies them.

48. Digi denies the allegations of Paragraph 48 of the Complaint.

49. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore denies them.

50. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies them.

51. Digi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore denies them.

52. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 52 of the Complaint.  Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint not concerning Digi, and therefore denies them.

53. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 53 of the Complaint. Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint not concerning Digi, and therefore denies them.

54. As to allegations concerning Digi only, Digi denies the allegations of Paragraph 54 of the Complaint. Digi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint not concerning Digi, and therefore denies them

## **GENERAL DENIAL**

Except as specifically admitted, Digi denies each and every allegation contained in Paragraphs 1-54 of the Complaint and denies that SIPCO is entitled to any of the relief requested in its Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that Digi must necessarily plead any of the following as an affirmative defense or that Digi necessarily bears the burden of persuasion for any of the following, Digi asserts the following defenses to SIPCO's Complaint:

## FIRST AFFIRMATIVE DEFENSE

Digi does not infringe, and has not infringed (directly, contributorily, or by inducement), any claim of the '511, '661 or '492 patents either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

The '511, '661 and '492 patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in the United States patent laws, 35 U.S.C. § 101, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

35 U.S.C. § 288 bars SIPCO from recovering costs associated with this action.

## FOURTH AFFIRMATIVE DEFENSE

SIPCO's Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, 35 U.S.C. § 287 limits SIPCO's claims for damages for purported patent infringement.

## SIXTH AFFIRMATIVE DEFENSE

SIPCO's claims against Digi are precluded under the doctrines of express license, patent exhaustion, implied license, release and/or payment.

**SEVENTH AFFIRMATIVE DEFENSE**

(a) SIPCO did not plead its claims of willful infringement with sufficient specificity or factual support to put Digi on notice as to the claim being made and therefore fails to state a claim on which relief can be granted.

(b) SIPCO did not plead its claims of indirect infringement, including its claims of contributory infringement and/or inducement, with sufficient specificity or factual support to put Digi on notice as to the claim being made and therefore fails to state a claim on which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution of the application that matured into the '511, '492, and '661 patents and reexamination of the '511 patent, SIPCO is estopped from asserting that Digi has directly or indirectly infringed, any claim of the '511, '492, and '661 patents, either literally or under the doctrine of equivalents.

**DEMAND FOR JURY TRIAL**

Digi hereby demands trial by jury for all issues so triable in connection with SIPCO's Complaint and Digi's Defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Digi prays for a declaration and judgment against Defendant SIPCO, LLC as follows:

a. that the Court dismiss SIPCO's Complaint with prejudice;

b.    that the Court deny SIPCO any and all relief it has requested in its Complaint;

c.    that the Court deny any preliminary or permanent injunctive relief in favor of SIPCO and against Digi;

d.    that SIPCO shall take nothing by way of its Complaint;

e.    that the Court find that this case is an exceptional case under 35 U.S.C. § 285, and require SIPCO to pay costs of suit that Digi has incurred, including attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

f.    that the Court grant Digi such other and further relief as this Court deems just and equitable.

Respectfully submitted this 13th day of July, 2010.

> */s/Nagendra Setty*
> Nagendra Setty
> Georgia Bar No. 636205
> Thad C. Kodish
> Georgia Bar No. 427603
> Noah C. Graubart
> Georgia Bar No. 141862
> Aamir A. Kazi
> Georgia Bar No. 104235
> FISH & RICHARDSON P.C.
> 1180 Peachtree Street, N.E., 21st Floor
> Atlanta, GA 30309
> Ph:  404-892-5005
> Fax:  404-892-5002
> setty@fr.com
> tkodish@fr.com
> graubart@fr.com
> kazi@fr.com
>
> **ATTORNEYS FOR DEFENDANT**
> **DIGI INTERNATIONAL INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have electronically filed the foregoing **DEFENDANT DIGI INTERNATIONAL INC.'S ANSWER AND DEFENSES** with the Clerk of Court using the CM/ECF Systems, which will automatically send email notification of such filing to all attorneys of record.

This 13th day of July, 2010.

                                              */s/Nagendra Setty*
                                              Nagendra Setty