## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **SIPCO, LLC,**<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>**CONTROL4 CORPORATION; DIGI INTERNATIONAL INC.; HOME AUTOMATION INC.; SCHNEIDER ELECTRIC BUILDINGS AMERICAS, INC.; SCHNEIDER ELECTRIC USA, INC.; AND SIEMENS INDUSTRY, INC.**<br><br>　　　　*Defendants*. | **CIVIL ACTION NO. 6:10-cv-249**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## DEFENDANT SIEMENS INDUSTRY, INC.'S
## <u>ANSWER AND DEFENSES</u>

Defendant Siemens Industry, Inc. ("Siemens") hereby sets forth its Answer and Defenses to Plaintiff SIPCO, LLC's ("SIPCO") Complaint as follows:

### ANSWER

Responding to the individually enumerated paragraphs of the Complaint, Siemens states as follows:

### Nature of Action

1.　　Siemens admits that the Complaint purports to state claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. As to allegations concerning Siemens only, Siemens denies that it is either infringing or willfully infringing any of SIPCO's patents. Except as expressly admitted in this paragraph, Siemens lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 1 of the Complaint not concerning Siemens, and therefore denies them.

2. Siemens admits that a copy of U.S. Patent No. 7,103,511 ("the '511 patent") was attached as Exhibit A to the Complaint. Siemens admits that this copy states on its face that (a) it is entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices"; (b) it was issued on September 5, 2006; (c) StatSignal IPC, LLC is the assignee; and (d) Thomas D. Petite is the inventor. Except as expressly admitted in this paragraph, Siemens lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 2 of the Complaint, and therefore denies them.

3. Siemens admits that a copy of U.S. Patent No. 7,468,661 ("the '661 patent") was attached as Exhibit B to the Complaint. Siemens admits that this copy states on its face that (a) it is entitled "System and Method for Monitoring and Controlling Remote Devices"; (b) it was issued on December 23, 2008; (c) Hunt Technologies, Inc. is the assignee; and (d) Thomas D. Petite and Richard M. Huff are the inventors. Except as expressly admitted in this paragraph, Siemens lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 3 of the Complaint, and therefore denies them.

4. Siemens admits that a copy of U.S. Patent No. 7,697,492 ("the '492 patent") was attached as Exhibit C to the Complaint. Siemens admits that this copy states on its face that (a) it is entitled "Systems and Methods for Monitoring and Controlling Remote Devices"; (b) it was issued on April 13, 2010; (c) SIPCO is the assignee; and (d) Thomas D. Petite is the inventor. Except as expressly admitted in this paragraph, Siemens lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 4 of the Complaint, and therefore denies them

5. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6. Siemens admits that SIPCO alleges it has granted licenses to practice the patents-in-suit to many companies. Except as expressly admitted herein, Siemens lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 6 of the Complaint, and therefore denies them.

7. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 7 of the Complaint. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint not concerning Siemens, and therefore denies them.

8. Siemens admits that SIPCO seeks damages, but denies that Siemens has infringed or is continuing to infringe the asserted patents. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

**Parties**

9. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies them.

11. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15.     Siemens admits that it is a Delaware corporation.  Siemens's principal place of business is in Alpharetta, Georgia.  Except as expressly admitted herein, Siemens denies each and every allegation of Paragraph 15 of the Complaint.

## Jurisdiction and Venue

16.     Siemens admits that the Complaint purports to state claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

17.     Siemens denies that this Court has subject matter jurisdiction over this dispute between Siemens and SIPCO.

18.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies them.

19.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies them.

23.     Siemens denies that this Court has personal jurisdiction over Siemens.  Siemens admits that its registered agent is CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201.  Siemens denies that it has committed acts of infringement in this district, denies that it continues to commit acts of infringement in this district, and denies that SIPCO is entitled to relief.  Except as expressly admitted or denied, Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies them.

24.     Siemens denies the allegations of Paragraph 24 of the Complaint.

**Count I:  Purported Infringement of U.S. Patent No. 7,103,511**

25.     Siemens incorporates its answers to Paragraphs 1–24 of the Complaint as if fully set forth herein.

26.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 26 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint not concerning Siemens, and therefore denies them.

27.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies them.

28.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies them.

29.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies them.

30. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies them.

31. Siemens denies the allegations of Paragraph 31 of the Complaint.

32. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 32 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint not concerning Siemens, and therefore denies them.

33. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 33 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint not concerning Siemens, and therefore denies them.

34. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 34 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint not concerning Siemens, and therefore denies them

**Count II:  Purported Infringement of U.S. Patent No. 7,468,661**

35. Siemens incorporates its answers to Paragraphs 1–34 of the Complaint as if fully set forth herein.

36. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 36 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint not concerning Siemens, and therefore denies them.

37. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies them.

38. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies them.

39. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies them.

40. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies them.

41. Siemens denies the allegations of Paragraph 41 of the Complaint.

42. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 42 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint not concerning Siemens, and therefore denies them.

43. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 43 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint not concerning Siemens, and therefore denies them.

44. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 44 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint not concerning Siemens, and therefore denies them

**Count III:  Purported Infringement of U.S. Patent No. 7,697,492**

45. Siemens incorporates its answers to Paragraphs 1–44 of the Complaint as if fully set forth herein.

46. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 46 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint not concerning Siemens, and therefore denies them.

47. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies them.

48. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies them.

49. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore denies them.

50. Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies them.

51. Siemens denies the allegations of Paragraph 51 of the Complaint.

52. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 52 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint not concerning Siemens, and therefore denies them.

53. As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 53 of the Complaint.  Siemens lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint not concerning Siemens, and therefore denies them.

54.   As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 54 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint not concerning Siemens, and therefore denies them

## GENERAL DENIAL

Except as specifically admitted, Siemens denies each and every allegation contained in Paragraphs 1-54 of the Complaint and denies that SIPCO is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that Siemens must necessarily plead any of the following as an affirmative defense or that Siemens necessarily bears the burden of persuasion for any of the following, Siemens asserts the following defenses to SIPCO's Complaint:

## FIRST AFFIRMATIVE DEFENSE

Siemens does not infringe, and has not infringed (directly, contributorily, or by inducement), any claim of the '511, '661 or '492 patents either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

SIPCO's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, 35 U.S.C. § 287 limits SIPCO's claims for damages for purported patent infringement.

## FOURTH AFFIRMATIVE DEFENSE

SIPCO's infringement claims against Siemens are precluded under the doctrines of express license, patent exhaustion, implied license, release and/or payment.  In the alternative, to the extent that SIPCO's infringement claims against Siemens are not precluded under the doctrines of express license, patent exhaustion, implied license, release and/or payment, Siemens alleges that the '511, '661 and '492 patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in the United States patent laws, 35 U.S.C. § 101, et seq., including without limitation §§ 101, 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

(a) SIPCO did not plead its claims of willful infringement with sufficient specificity or factual support to put Siemens on notice as to the claim being made and therefore fails to state a claim on which relief can be granted.

(b)    SIPCO did not plead its claims of indirect infringement, including its claims of contributory infringement and/or inducement, with sufficient specificity or factual support to put Siemens on notice as to the claim being made and therefore fails to state a claim on which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution of the application that matured into the '511, '492, and '661 patents and reexamination of the '511 patent, SIPCO is estopped from asserting that Siemens has directly or indirectly infringed, any claim of the '511, '492, and '661 patents, either literally or under the doctrine of equivalents.

## DEMAND FOR JURY TRIAL

Siemens hereby demands trial by jury for all issues so triable in connection with both SIPCO's Complaint and Siemens's Defenses.

## PRAYER FOR RELIEF

WHEREFORE, Siemens prays for a judgment against Plaintiff SIPCO, LLC as follows:

a.   that the Court dismiss SIPCO's Complaint with prejudice;

b.   that the Court deny SIPCO any and all relief it has requested in its Complaint;

c.   that the Court deny any preliminary or permanent injunctive relief in favor of SIPCO and against Siemens;

d.   that SIPCO shall take nothing by way of its Complaint;

    e.    that the Court find that this case is an exceptional case under 35 U.S.C. § 285, and require SIPCO to pay costs of suit that Siemens has incurred, including attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

    f.    that the Court grant Siemens such other and further relief as this Court deems just and equitable.

Respectfully submitted this 13th day of July, 2010.

> /s/Nagendra Setty
> Nagendra Setty
> Georgia Bar No. 636205
> Thad C. Kodish
> Georgia Bar No. 427603
> Noah C. Graubart
> Georgia Bar No. 141862
> Aamir A. Kazi
> Georgia Bar No. 104235
> FISH & RICHARDSON P.C.
> 1180 Peachtree Street, N.E., 21st Floor
> Atlanta, GA 30309
> Ph:  404-892-5005
> Fax:  404-892-5002
> setty@fr.com
> tkodish@fr.com
> graubart@fr.com
> kazi@fr.com
>
> **ATTORNEYS FOR DEFENDANT SIEMENS INDUSTRY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have electronically filed the foregoing **DEFENDANT SIEMENS INDUSTRY, INC.'S ANSWER AND DEFENSES** with the Clerk of Court using the CM/ECF Systems, which will automatically send email notification of such filing to all attorneys of record.

This 13th day of July, 2010.

*/s/Nagendra Setty*
Nagendra Setty