IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SIPCO, LLC, | ) |
| | ) Civil Action File No. 6:10cv249 |
| Plaintiff, | ) |
| | ) Hon. Leonard Davis |
| v. | ) |
| | ) |
| CONTROL4 CORPORATION; DIGI | ) |
| INTERNATIONAL INC.; HOME | ) |
| AUTOMATION INC.; SCHNEIDER | ) |
| ELECTRIC BUILDINGS AMERICAS, | ) |
| INC.; SCHNEIDER ELECTRIC USA, | ) |
| INC.; and SIEMENS INDUSTRY, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER, DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS
SCHNEIDER ELECTRIC BUILDINGS AMERICAS, INC. AND SCHNEIDER
ELECTRIC USA, INC.**

Defendants and Counterclaim Plaintiffs Schneider Electric Buildings Americas,

Inc. and Schneider Electric USA, Inc. (collectively "Schneider Electric") by and through

their attorneys answer the Complaint for Patent Infringement by Plaintiff and

Counterclaim Defendant SIPCO, LLC ("SIPCO") as follows:

**NATURE OF THE ACTION**

1.     Schneider Electric admits that this is an action for patent infringement,

brought under the Patent Act, 35 U.S.C. §§ 101 *et seq*.   Schneider Electric denies the

allegations in this paragraph regarding other Defendants because it lacks knowledge or

information sufficient to form a belief as to their truth.   Schneider Electric denies the

remaining allegations in this paragraph.

2.      Schneider Electric admits that U.S. Patent No. 7,103,511 ("the '511 patent") is entitled "Wireless Communication Networks for Providing Remote Monitoring of Devices," that the face of the patent lists that it was issued on September 5, 2006 by the U.S. Patent and Trademark Office ("USPTO"), that StatSignal IPC, LLC is the assignee, and that Thomas D. Petite is the named inventor.   Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

3.      Schneider Electric admits that U.S. Patent No. 7,468,661 ("the '661 patent") is entitled "System and Method for Monitoring and Controlling Remote Devices," that the face of the patent lists that it was issued on December 23, 2008 by the USPTO, that Hunt Technologies, Inc. is the assignee, and that Thomas D. Petite and Richard M. Huff are named inventors.   Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

4.      Schneider Electric admits that U.S. Patent No. 7,697,492 ("the '492 patent") is entitled "Systems and Methods for Monitoring and Controlling Remote Devices," that the face of the patent lists that it was issued on April 13, 2010 by the USPTO, that SIPCO, LLC, is the assignee, and that Thomas D. Petite is the named inventor.   Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

5.      Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

6.      Schneider Electric admits that Thomas D. Petite is listed as a named inventor on the '511 patent, the '661 patent, and the '492 patent (collectively, the "patents-in-suit").   Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies them.

7.      Schneider Electric denies the allegations in this paragraph regarding other Defendants because it lacks knowledge or information sufficient to form a belief as to their truth.   Schneider Electric denies the remaining allegations in this paragraph.

8.      Schneider Electric admits that the Complaint states that SIPCO seeks damages from each Defendant for infringement of the patents-in-suit.   Schneider Electric denies the remaining allegations in this paragraph.

## PARTIES

9.      Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

10.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

11.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

12.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

13.     Admitted.

14.     Admitted.

15.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

## JURISDICTION AND VENUE

16.     Admitted.

17.     Admitted.

18.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

19.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

20.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

21.     For the purposes of this action only, Schneider Electric admits that this Court has personal jurisdiction over Schneider Electric Buildings Americas, Inc. Schneider Electric admits that Schneider Electric Buildings Americas, Inc. can be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.   Schneider Electric denies the remaining allegations in this paragraph.

22.     For the purposes of this action only, Schneider Electric admits that this Court has personal jurisdiction over Schneider Electric USA, Inc.   Schneider Electric admits that Schneider Electric USA, Inc. can be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.   Schneider Electric denies the remaining allegations in this paragraph.

23.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

24.     For the purposes of this action only, Schneider Electric admits that venue is proper in this Court.    Schneider Electric denies the allegations in this paragraph regarding other Defendants because it lacks knowledge or information sufficient to form a belief as to their truth.    Schneider Electric denies the remaining allegations in this paragraph.

## <u>COUNT I OF U.S. PATENT NO. 7,103,511</u>

25.     Schneider Electric restates and realleges the answers set forth in paragraphs 1-24 above and incorporates them by reference.

26.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

27.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

28.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

29.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

30.     Denied.

31.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

32.     Schneider Electric denies the allegations in this paragraph regarding other Defendants because it lacks knowledge or information sufficient to form a belief as to their truth.    Schneider Electric denies the remaining allegations in this paragraph.

33.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

34.     Schneider Electric denies the allegations in this paragraph regarding other Defendants because it lacks knowledge or information sufficient to form a belief as to their truth.    Schneider Electric denies the remaining allegations in this paragraph.

## COUNT II OF U.S. PATENT NO. 7,468,661

35.     Schneider Electric restates and realleges the answers set forth in paragraphs 1-34 above and incorporates them by reference.

36.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

37.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

38.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

39.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

40.     Denied.

41.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

42.     Schneider Electric denies the allegations in this paragraph regarding other Defendants because it lacks knowledge or information sufficient to form a belief as to their truth.    Schneider Electric denies the remaining allegations in this paragraph.

43.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

44.     Schneider Electric denies the allegations in this paragraph regarding other Defendants because it lacks knowledge or information sufficient to form a belief as to their truth.    Schneider Electric denies the remaining allegations in this paragraph.

## COUNT III OF U.S. PATENT NO. 7,697,492

45.     Schneider Electric restates and realleges the answers set forth in paragraphs 1-44 above and incorporates them by reference.

46.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

47.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

48.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

49.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

50.     Denied.

51.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

52.     Schneider Electric denies the allegations in this paragraph regarding other Defendants because it lacks knowledge or information sufficient to form a belief as to their truth.   Schneider Electric denies the remaining allegations in this paragraph.

53.     Schneider Electric is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

54.     Schneider Electric denies the allegations in this paragraph regarding other Defendants because it lacks knowledge or information sufficient to form a belief as to their truth.   Schneider Electric denies the remaining allegations in this paragraph.

## AFFIRMATIVE DEFENSES

55.     Schneider Electric asserts the following affirmative defenses and reserves the right to amend its answer as additional information becomes available:

### FIRST AFFIRMATIVE DEFENSE

56.     Schneider Electric has not and does not infringe, either directly, indirectly, contributorily, or by inducement, any claim of any patent-in-suit, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

57.     The claims of the patents-in-suit are invalid for failure to comply with the requirements of Title 35, U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112, as well as general principles of patent law.

### THIRD AFFIRMATIVE DEFENSE

58.     The '661 and '511 patents are unenforceable because of inequitable conduct and fraud committed during prosecution before the USPTO.

## Background of the Patents-in-Suit

59.     The face of the '661 patent lists that it was filed on March 31, 2006 and issued on December 23, 2008.    The face of the '661 patent states that it is a continuation of U.S. Patent Application No. 10/139,492, which issued as U.S. Patent No. 7,053,767 ("the '767 patent").    The face of the '767 patent states that it is a continuation of U.S. Patent Application No. 09/439,059, which issued as U.S. Patent No. 6,437,692 ("the '692 patent").    Thomas D. Petite and Richard M. Huff are listed as inventors on the face of the '661, '767 and '692 patents.

60.     The face of the '511 patent lists that it was filed on August 9, 2001 and issued on September 6, 2006.    Thomas D. Petite is listed as the inventor on the face of the '511 patent.

61.     The face of the '492 patent lists that it was filed on June 23, 2005 and issued on April 13, 2010.    The face of the '492 patent states that it is a continuation of U.S. Patent Application No. 09/812,044, which issued as U.S. Patent No. 6,914,893. Thomas D. Petite is listed as the inventor on the face of the '492 and '893 patents.

62.     The '661, '511, and '492 patents are related patents because at least the face of the patents claim priority to several of the same patent applications.    The faces of the '661, '511, and '492 patents all claim priority as continuation-in-parts to at least U.S. Patent Application Nos. 09/412,895, 09/271,517, 09/102,178, and 09/172,554.    The face of the '511 and '492 patents both claim priority as continuation-in-parts to the '692 patent.

63.     The '511 patent identifies approximately 355 cited references that were not cited during the prosecution of the '661 patent, including U.S. Patent Nos. 6,141,347

("Shaughnessy"), 6,288,641 ("Casais"), 6,735,630 ("Gelvin"), and U.S. Patent No.

6,064,318 ("Kirchner").

**Inequitable Conduct During the Prosecution of The '661 Patent**

**Failure to Disclose Shaughnessy and Casais and Related Material Information**

64.     The '661 patent is unenforceable because inequitable conduct was

committed during the prosecution of the '661 patent by Attorney N. Andrew Cain and

Inventor Petite, who, upon information and belief, deliberately withheld material

references, namely Shaughnessy and Casais, and material information, namely related

portions of the prosecution of the '511 patent, with intent to deceive the USPTO.

65.     Attorney Cain, a patent attorney involved in the prosecution of the '661

patent, and Inventor Petite, an inventor of the '661 patent, each had an individual duty of

candor and good faith to the USPTO, including an obligation to disclose to the USPTO

all information known to them that was material to the patentability of the application

which led to the '661 patent.

66.     Shaughnessy was filed on March 31, 1999 and issued October 31, 2000.

It is prior art to the '661 patent, at least under 35 U.S.C. § 102(e).

67.     Casais was filed on September 15, 1999 and issued on August 27, 2001.

It is prior art to the '661 patent, at least under 35 U.S.C. § 102(e).

68.     In a January 3, 2003 Office Action from the prosecution of '511 patent,

the USPTO rejected all of the pending claims of the '511 patent as obvious either based

on a combination of U.S. Patent No. 5,907,491 ("Canada") and Shaughnessy or a

combination of Canada, Shaughnessy, and Casais.    In that Office Action, the USPTO

stated that Shaughnessy teaches a wide area network, a predefined communication

protocol, a data packet, a receiver address identifying the receiver of the data packet, a sender address identifying the sender of the data packet, a command indicator specifying a predefined command code, a total packet indicator which indicates the total number of packets in the current message, a current packet indicator which identifies the current packet a message number identifying the current message.    As to Casais, the USPTO stated that it teaches a plurality of wireless transceivers configured to receive signals via Bluetooth technology and IEEE standard 802.11(b).

69.    Throughout the rest of the prosecution of the '511 patent, the various teachings of Shaughnessy and Casais were discussed repeatedly.    On April 8, 2003, the patentee filed a response and amendment to the January 3, 2003 Office Action addressing the teachings of Shaughnessy and Casais and the combination with other references.    On July 1, 2003, the USPTO issued another Office Action maintaining its rejections based of Canada, Shaughnessy and Casais.    The USPTO pointed out that the cited references are "in the field of applicant's endeavor."    On August 19, 2003, the patentee filed a second response and amendment.    The USPTO reiterated its rejection of the claims of the '511 patent again based on Canada, Shaughnessy, and Casais in a September 25, 2003 Advisory Action.    On January 5, 2004, the patentee filed an appeal brief to the Board of Patent Appeals and Interferences ("BPAI") arguing against the rejections based on Canada, Shaughnessy and Casais.    On March 26, 2004, the USPTO answered, and Attorney Cain, on behalf of the patentee, filed a reply brief on May 13, 2004.    On August 31, 2005, the BPAI issued its decision overturning the rejection of the pending claims, and the application eventually issued as the '511 patent.

70. The claims of the '661 patent and '511 patent are similar in scope and use similar claim language. For example, the independent claims of both the '661 patent and '511 patent share claim limitations such as "wide area network," "wireless transceiver," "repeated" data message, "sensor" and "remote" device.

71. Shaughnessy and Casais both disclose a transceiver electrically interfaced with a sensor. In a January 23, 2008 Amendment during the prosecution of the '661 patent, the patentee argued that, among other things, its claims were patentable over the prior art used in a rejection because the limitation of a transceiver electrically interfaced with a sensor, which is in claims independent claims 1, 2, 5, 9, and 12 of the '661 patent, was not found in the prior art relied on by the USPTO.

72. Shaughnessy and Casais were material to the patentability of the '661 patent because the patents by themselves or in combination with other information establish a prima facie case of unpatentability of the claims of the '661 patent.

73. Shaughnessy and Casais were not cited during the prosecution of the '661 patent and are not cumulative of any other reference of record.

74. The aforementioned portions of the prosecution of the '511 patent discussing Shaughnessy and Casais were also material to the patentability of the '661 patent. For example, the statements made by the patentee, prosecuting attorney, inventor, USPTO, and BPAI during the prosecution of the '511 patent affect the scope of the terms in the claims of the '661 patent. These portions of the prosecution of the '511 patent were not cited during the prosecution of the '661 patent and are not cumulative of any other reference of record.

75.     Shaughnessy was disclosed in at least nine other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely U.S. Patent Nos. 7,079,810, 7,137,550, 7,263,073, 7,295,128, 7,397,907, 7,424,527, 7,650,425, and 7,697,492, and U.S. Patent App. No. 12/477,329.   Casais was disclosed in at least four other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely,   U.S. Patent Nos. 7,137,550, 7,650,425, and 7,739,378, and U.S. Patent App. No. 12/477,329.   In many of these applications, Shaughnessy and Casais were submitted to the USPTO before December 23, 2008, the issue date for the '661 patent.

76.     On information and belief, during prosecution of the '661 patent, Attorney Cain and Inventor Petite were aware of Shaughnessy, Casais, and the related portions of the prosecution of the '511 patent and did not submit them to the USPTO, as described above.   On information and belief, Attorney Cain and Inventor Petite, as the prosecuting attorney and inventor of both the '661 and '511 patents, respectively, were aware that Shaughnessy, Casais, and the related portions of the prosecution of the '511 patent were material to patentability and withheld them during the prosecution of the '661 patent with intent to deceive the USPTO.   As a result, the USPTO did not receive or otherwise consider Shaughnessy, Casais and the related portions of the prosecution of the '511 patent during the prosecution of the '661 patent.

**Failure to Disclose the '511 Patent**

77.     The '661 patent is unenforceable because inequitable conduct was committed during the prosecution of the '661 patent by prosecuting attorney, N. Andrew Cain, and inventor, Thomas D. Petite, who, upon information and belief, deliberately

13

withheld material references, namely the '511 patent and its patent application, with intent to deceive the USPTO.

78.     Attorney Cain, a patent attorney involved in the prosecution of the '661 patent, and Inventor Petite, an inventor of the '661 patent, each had an individual duty of candor and good faith to the USPTO, including an obligation to disclose to the USPTO all information known to them that was material to the patentability of the application which led to the '661 patent.

79.     The withheld '511 patent and patent application are material to the patentability of the '661 patent because certain claims of the '511 patent are not patentably distinct from certain claims of the '661 patent.   For example, issued claim 1 of the '511 patent (*i.e.*, application claim 1) is patentability indistinct from claim 5 of the '661 patent.   The '511 patent and patent application are not cumulative of any other reference of record during the prosecution of the '661 patent.

80.     On information and belief, during prosecution of the '661 patent, Attorney Cain and Inventor Petite were aware of the '511 patent and patent application and did not submit them to the USPTO, as described above.   On information and belief, Attorney Cain and Inventor Petite, as the prosecuting attorney and inventor of both the '661 and '511 patents, respectively, were aware that the '511 patent and patent application were material to patentability and withheld them during the prosecution of the '661 patent application with intent to deceive the USPTO.   The USPTO did not receive or otherwise consider the '511 patent or patent application during the prosecution of the '661 patent.

**Failure to Disclose *The DARPA Packet Radio Network Protocols* Reference**

81.     The '661 patent is unenforceable because inequitable conduct was

committed during the prosecution of the '661 patent by inventor, Thomas D. Petite, who,

upon information and belief, deliberately withheld a material reference, namely *The*

*DARPA Packet Radio Network Protocols*, by John Jubin and Janet D. Tornow,

*Proceedings of the IEEE*, v. 75, n. 1, pp. 21-32 (Jan. 1987) ("Darpa"), with intent to

deceive the USPTO.

82.     Inventor Petite, an inventor of the '661 patent, had an individual duty of

candor and good faith to the USPTO, including an obligation to disclose to the USPTO

all information known to him that was material to the patentability of the application

which led to the '661 patent.

83.     Darpa was published in January 1987.   It is prior art to the '661 patent, at

least under 35 U.S.C. § 102(b).

84.     Darpa discloses a wireless communication network.   For example, Fig. 4

shows packet radios in communication with gateways and host computers.   The packet

radios are configured to wirelessly transmit and receive data messages and repeat data

messages received from other packet radios.

85.     On January 1, 2008, during the prosecution of the '661 patent, SIPCO

asserted the '511 patent against the Toro Company et al. in a patent infringement suit in

the Eastern District of Pennsylvania (08-CV-00505).   During that litigation, the

defendants alleged that the '511 patent was invalid as obvious in view of Darpa combined

with other references and moved for summary judgment on that basis.   Defendants

stated: "This article discloses the very element found lacking in the art considered by the

Board – a wireless transceiver associated with a remote device configured to originate a data message and receive and repeat a data message received from another wireless transceiver associated with a remote device.   When considered in light of the prior art, the claims of the '511 patent are obvious."

86.     In a January 23, 2008 Amendment during the prosecution of the '661 patent, the patentee argued, among other things, that its claims were patentable over the prior art used by the USPTO in a rejection because the limitation of a wireless transceiver configured to receive and retransmit information, which is in claims independent claims 1, 2, 5, 9, and 12 of the '661 patent, was not found in the prior art relied on by the USPTO. Darpa, which was not before the USPTO during the prosecution of the '661 patent, discloses this limitation.

87.     Darpa was material to the patentability of the '661 patent because the reference alone or in combination with other information establishes a prima facie case of unpatentability of the claims of the '661 patent.   Darpa was not cited during the prosecution of the '661 patent and is not cumulative of any other reference of record.

88.     On April 18, 2008, during the prosecution of '492 patent, the patentee, disclosed Darpa to the USPTO in an Information Disclosure Statement.   The patentee represented that "certain of the cited references disclosed in this submission were discovered during the course of prosecution of co-pending applications" including those related to the '661 patent.

89.     Similarly, in April of 2008, Darpa was disclosed in at least five other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely U.S. Patent Nos. 7,397,907, 7,424,527, 7,480,501, 7,650,425, 7,739,378.   Darpa

was also disclosed in U.S. Patent App. No. 12/477,329, which is related to the '661

patent and lists Petite as a named inventor.

90.     On information and belief, during prosecution of the '661 patent, Inventor

Petite was aware of Darpa and did not submit it to the USPTO.    On information and

belief, Inventor Petite was aware that Darpa was material to patentability and withheld it

during the prosecution of the '661 patent with intent to deceive the USPTO.    The

USPTO did not receive or otherwise consider Darpa during the prosecution of the '661

patent.

**Failure to Disclose Gelvin**

91.     The '661 patent is unenforceable because inequitable conduct was

committed during the prosecution of the '661 patent by inventor, Thomas D. Petite, who,

upon information and belief, deliberately withheld a material reference, namely,

Gelvin, with intent to deceive the USPTO.

92.     Inventor Petite, an inventor of the '661 patent, had an individual duty of

candor and good faith to the USPTO, including an obligation to disclose to the USPTO

all information known to him that was material to the patentability of the application

which led to the '661 patent.

93.     Gelvin was filed on October 4, 200 and claims the benefit of at least

Provisional App. No. 60/158,013 which was filed on October 6, 1999.    Gelvin issued on

May 11, 2004.    It is prior art to the '661 patent, at least under 35 U.S.C. § 102(e).

94.     Gelvin discloses a system for remote data collection using compact

internetworked wireless integrated network sensors.    For example, Figs. 8, 9, 25, 26 of

Gelvin show wireless networks with at least one sensor node in communication with a

gateway node which may interface with a server, the internet, and remote users.   The

nodes are configured to wirelessly transmit and receive data messages and repeat data

messages received from nodes.   Fig. 24 shows a data structure that is used in an

embodiment.

95.   Gelvin was material to the patentability of the '661 patent because the

reference alone or in combination with other information establishes a prima facie case of

unpatentability of the claims of the '661 patent.   Gelvin was not cited during the

prosecution of the '661 patent and is not cumulative of any other reference of record.

96.   On December 5, 2005, during the prosecution of the '511 patent, the

patentee disclosed Gelvin to the USPTO in an Information Disclosure Statement.

97.   On July 8, 2009, during the prosecution of '492 patent, the patentee

disclosed Gelvin to the USPTO in an Information Disclosure Statement.   The patentee

represented that "the cited references have been cited during reexamination and/or during

the course of litigation of related patent assets in the same field as the present

Application."

98.   Similarly, Gelvin was disclosed in at least eleven other patent applications

related to the '661 patent where Inventor Petite was a named inventor, namely U.S.

Patent Nos. 6,914,893, 7,079,810, 7,137,550, 7,263,073, 7,295,128, 7,397,907, 7,424,527,

7,480,501, 7,650,425, 7,739,378, and U.S. App. No. 12/477,329.   In many of these

patent applications, Gelvin was submitted to the USPTO before December 23, 2008, the

issue date for the '661 patent.

99.   On information and belief, during prosecution of the '661 patent, Inventor

Petite was aware of Gelvin and did not submit it to the USPTO.   On information and

belief, Inventor Petite was aware that Gelvin was material to patentability and withheld it during the prosecution of the '661 patent with intent to deceive the USPTO.   The USPTO did not receive or otherwise consider Gelvin during the prosecution of the '661 patent.

**Failure to Disclose Kirchner**

100.    The '661 patent is unenforceable because inequitable conduct was committed during the prosecution of the '661 patent by inventor, Thomas D. Petite, who, upon information and belief, deliberately withheld a material reference, namely, Kirchner with intent to deceive the USPTO.

101.    Inventor Petite, an inventor of the '661 patent, had an individual duty of candor and good faith to the USPTO, including an obligation to disclose to the USPTO all information known to him that was material to the patentability of the application which led to the '661 patent.

102.    Kirchner was filed on June 11, 1996 and issued on May 16, 2000.   It is prior art to the '661 patent, at least under 35 U.S.C. § 102(e).

103.    Kirchner discloses a wireless communication network that is a portable system for automatic data acquisition and processing of traffic information in real-time. For example, Fig. 2 shows a central system control in communication with roadside remote stations that receive traffic data from sensors and are configured to wirelessly transmit and receive data messages and repeat data messages received from other roadside remote stations.   The roadside remote stations provide sensor data wirelessly to a central system controller.     The system can be monitored and controlled remotely through a telephone or radio connection.

104.    Kirchner was material to the patentability of the '661 patent because the reference alone or in combination with other information establishes a prima facie case of unpatentability of the claims of the '661 patent.   Kirchner was not cited during the prosecution of the '661 patent and is not cumulative of any other reference of record.

105.    On December 5, 2005, during the prosecution of the '511 patent, the patentee disclosed Kirchner to the USPTO in an Information Disclosure Statement.

106.    On July 8, 2009, during the prosecution of '492 patent, the patentee disclosed Kirchner to the USPTO in an Information Disclosure Statement.   The patentee represented that "the cited references have been cited during reexamination and/or during the course of litigation of related patent assets in the same field as the present Application."

107.    Similarly, Kirchner was disclosed in at least nine other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely U.S. Patent Nos. 7,079,810, 7,137,550, 7,263,073, 7,295,128, 7,397,907, 7,424,527, 7,480,501, 7,650,425, 7,739,378, and U.S. Patent App. No. 12/477,329.   In many of these patent applications, Kirchner was submitted to the USPTO before December 23, 2008, the issue date for the '661 patent.

108.    On information and belief, during prosecution of the '661 patent, Inventor Petite was aware of Kirchner and did not submit it to the USPTO.   On information and belief, Inventor Petite was aware that Kirchner was material to patentability and withheld it during the prosecution of the '661 patent with intent to deceive the USPTO.   The USPTO did not receive or otherwise consider Kirchner during the prosecution of the '661 patent.

**Inequitable Conduct During the Prosecution of The '511 Patent**

**Failure to Disclose the '767 Patent**

109.     The '511 patent is unenforceable because inequitable conduct was

committed during the prosecution of the '511 patent by prosecuting attorneys, Daniel

McClure and N. Andrew Crain, and inventor, Thomas D. Petite, who, upon information

and belief, deliberately withheld material references, namely the '767 patent and its

patent application, with intent to deceive the USPTO.

110.     Attorneys McClure and Crain, patent attorneys involved in the prosecution

of the '511 and '767 patents, and Inventor Petite, an inventor of the '511 and '767 patents,

each had an individual duty of candor and good faith to the USPTO, including an

obligation to disclose to the USPTO all information known to them that was material to

the patentability of the application which led to the '511 patent.

111.     The withheld '767 patent and patent application are material to the

patentability of the '511 patent because certain claims of the '767 patent are not

patentably distinct from certain claims of the '511 patent.    For example, issued claims 1

and 5 of the '767 patent (*i.e.,* application claims 73 and 83) are patentability indistinct

from claim 1 of the '511 patent.    The '767 patent and patent application are not

cumulative of any other reference of record.

112.     On information and belief, during prosecution of the '511 patent,

Attorneys McClure and Crain and Inventor Petite were aware of the '767 patent and

patent application and did not submit them to the USPTO.    On information and belief,

Attorneys McClure and Crain and Inventor Petite were aware that the '767 patent and

patent application were material to patentability and withheld them during the

prosecution of the '511 patent application with intent to deceive the USPTO.   The

USPTO did not receive or otherwise consider the '767 patent or patent application during

the prosecution of the '511 patent.

## FOURTH AFFIRMATIVE DEFENSE

113.   Plaintiff's claims are barred by the equitable doctrines of laches,

prosecution laches, equitable estoppel, waiver, acquiescence, unclean hands and/or other

equitable principles.

## FIFTH AFFIRMATIVE DEFENSE

114.   Plaintiff fails to state a claim upon which relief can be granted.

## **COUNTERCLAIMS**

Schneider Electric alleges these Counterclaims in accordance with Federal Rules

of Civil Procedure 13 and 20 against SIPCO as follows:

## PARTIES

115.   Defendant and Counterclaim Plaintiff Schneider Electric Buildings

Americas, Inc. is a Delaware corporation with a principal place of business in Carrollton,

Texas.

116.   Defendant and Counterclaim Plaintiff Schneider Electric USA, Inc. is a

Delaware corporation with a principal place of business in Palatine Illinois.

117.   On information and belief, Plaintiff and Counterclaim Defendant SIPCO is

a Georgia limited liability corporation with a principal place of business in McKinney,

Texas.

JURISDICTION

118.    These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C.

§ 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

119.    This Court has subject matter jurisdiction over these Counterclaims

pursuant to 28 U.S.C. §§ 1331 and 1338 in combination with 28 U.S.C. §§ 2201 and

2202.    An actual controversy exists under the Declaratory Judgment Act because SIPCO

has asserted and is asserting infringement of the patents-in-suit by Schneider Electric, and

Schneider Electric denies those assertions.

120.    This Court has personal jurisdiction over SIPCO.    On information and

belief, SIPCO has a principal place of business in McKinney, Texas and regularly

conducts business in the State of Texas.

121.    Venue is proper in this Court pursuant to 28 U.S.C. 1391 and 1400(b).

On information and belief, SIPCO has a principal place of business in McKinney, Texas

and regularly conducts business in the State of Texas.

COUNT I - U.S. PATENT NO. 7,103,511 (Non-Infringement)

122.    Schneider Electric restates and realleges the allegations set forth in

paragraphs 115-121 above and incorporates them by reference.

123.    U.S. Patent No. 7,103,511 ("the '511 patent") is entitled "Wireless

Communication Networks for Providing Remote Monitoring of Devices," and the face of

the patent lists that it was issued on September 5, 2006 by the USPTO, that StatSignal

IPC, LLC is the assignee, and that Thomas D. Petite is the named inventor.

124.    Schneider Electric has not and does not infringe, either directly, indirectly,

contributorily, or by inducement, any claim of the '511 patent, either literally or under the

doctrine of equivalents.    Therefore, Schneider Electric is entitled to a declaratory judgment to that effect.

COUNT II - U.S. PATENT NO. 7,103,511 (Invalidity)

125.    Schneider Electric restates and realleges the allegations set forth in paragraphs 115-124 above and incorporates them by reference.

126.    The claims of the '511 patent are invalid for failure to comply with the requirements of Title 35, U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112, as well as general principles of patent law.    Therefore, Schneider Electric is entitled to a declaratory judgment to that effect.

COUNT III - U.S. PATENT NO. 7,103,511 (Unenforceability)

127.    Schneider Electric restates and realleges the allegations set forth in paragraphs 115-126 above and incorporates them by reference.

128.    As described above in paragraphs 58-63 and 109-112, the '511 patent is unenforceable by reason of inequitable conduct and fraud committed before the USPTO during the prosecution of the patents-in-suit.    Schneider Electric restates and realleges the allegations set forth in paragraphs 58-63 and 109-112 above and incorporates them by reference.    Therefore, Schneider Electric is entitled to a declaratory judgment to that effect.

COUNT IV - U.S. PATENT NO. 7,468,661 (Non-Infringement)

129.    Schneider Electric restates and realleges the allegations set forth in paragraphs 115-128 above and incorporates them by reference.

130.    U.S. Patent No. 7,468,661 ("the '661 patent") is entitled "System and Method for Monitoring and Controlling Remote Devices," and the face of the patent lists

that it was issued on December 23, 2008 by the USPTO, that Hunt Technologies, Inc. is the assignee, and that Thomas D. Petite and Richard M. Huff are named inventors.

131.    Schneider Electric has not and does not infringe, either directly, indirectly, contributorily, or by inducement, any claim of the '661 patent, either literally or under the doctrine of equivalents.    Therefore, Schneider Electric is entitled to a declaratory judgment to that effect.

## COUNT V - U.S. PATENT NO. 7,468,661 (Invalidity)

132.    Schneider Electric restates and realleges the allegations set forth in paragraphs 115-131 above and incorporates them by reference.

133.    The claims of the '661 patent are invalid for failure to comply with the requirements of Title 35, U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112, as well as general principles of patent law.    Therefore, Schneider Electric is entitled to a declaratory judgment to that effect.

## COUNT VI - U.S. PATENT NO. 7,468,661 (Unenforceability)

134.    Schneider Electric restates and realleges the allegations set forth in paragraphs 115-133 above and incorporates them by reference.

135.    As described above in paragraphs 58-108, the '661 patent is unenforceable by reason of inequitable conduct and fraud committed before the USPTO during the prosecution of the patents-in-suit.    Schneider Electric restates and realleges the allegations set forth in paragraphs 58-108 above and incorporates them by reference. Therefore, Schneider Electric is entitled to a declaratory judgment to that effect.

<u>COUNT VII - U.S. PATENT NO. 7,697,492 (Non-Infringement)</u>

136.    Schneider Electric restates and realleges the allegations set forth in paragraphs 115-135 above and incorporates them by reference.

137.    U.S. Patent No. 7,697,492 ("the '492 patent") is entitled "Systems and Methods for Monitoring and Controlling Remote Devices," and the face of the patent lists that it was issued on April 13, 2010 by the USPTO, that SIPCO, LLC, is the assignee, and that Thomas D. Petite is the named inventor.

138.    Schneider Electric has not and does not infringe, either directly, indirectly, contributorily, or by inducement, any claim of the '492 patent, either literally or under the doctrine of equivalents.    Therefore, Schneider Electric is entitled to a declaratory judgment to that effect.

<u>COUNT VIII - U.S. PATENT NO. 7,697,492 (Invalidity)</u>

139.    Schneider Electric restates and realleges the allegations set forth in paragraphs 115-138 above and incorporates them by reference.

140.    The claims of the '492 patent are invalid for failure to comply with the requirements of Title 35, U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112, as well as general principles of patent law.    Therefore, Schneider Electric is entitled to a declaratory judgment to that effect.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Schneider Electric prays for judgment against SIPCO and seeks relief as follows:

A.    For dismissal of SIPCO's Complaint for Patent Infringement with prejudice and that SIPCO is granted no relief against Schneider Electric.

B.      For a declaratory judgment that the all claims of the patents-in-suit are not infringed by Schneider Electric.

C.      For a declaratory judgment that the all claims of the patents-in-suit are invalid.

D.      For a declaratory judgment that the '511 patent and '661 patent are unenforceable due to inequitable conduct and fraud;

E.      For reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.      For costs and expenses; and

G.      For any other relief as this Court deems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Schneider Electric demands a jury trial of all issues triable to a jury.

Dated:   July 13, 2010                              Respectfully submitted,

                                    */s/ Terrence J. Truax, with*
                                    *permission by Michael E. Jones*
                                    Michael E Jones
                                    SBN: 10929400
                                    mikejones@potterminton.com
                                    Allen Franklin Gardner
                                    SBN: 24043679
                                    allengardner@potterminton.com
                                    POTTER MINTON PC
                                    110 N College, Suite 500
                                    Tyler, TX    75702
                                    Telephone:    (903) 597-8311
                                    Fax: (903) 593-0846

                                    Terrence J. Truax
                                    ttruax@jenner.com
                                    Joseph A. Saltiel
                                    jsaltiel@jenner.com
                                    JENNER & BLOCK, LLP
                                    353 North Clark Street
                                    Chicago, IL    60654-3456
                                    Telephone:    (312) 222-9350

ATTORNEYS FOR DEFENDANTS
SCHNEIDER ELECTRIC BUILDINGS
AMERICAS, INC. AND SCHNEIDER
ELECTRIC USA, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 13, 2010.  Any other counsel of record will be served by First Class U.S. Mail on this same date.

*/s/ Michael E. Jones*