IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SIPCO, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>CONTROL4 CORPORATION; DIGI INTERNATIONAL INC.; HOME AUTOMATION INC.; SCHNEIDER ELECTRIC BUILDINGS AMERICAS, INC.; SCHNEIDER ELECTRIC USA, INC., and SIEMENS INDUSTRY, INC.,<br><br>          Defendants. | Civil Action No. 6:10-cv-249<br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

## CONTROL4 CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Control4 Corporation ("Control4"), through counsel, answers the Complaint of SIPCO, LLC ("SIPCO") as follows:

### NATURE OF THE ACTION

1.      Control4 admits that SIPCO's Complaint purports to assert claims of patent infringement under the Patent Act, 35 U.S.C. §§ 101 *et seq*.  Control4 denies that it is infringing, willfully or otherwise, any valid claim of the patents SIPCO asserts in this action, and denies the remaining allegations recited in paragraph 1.

2.      Control4 admits that a copy of a document purporting to be U.S. Patent No. 7,103,511 (the "'511 patent") was attached to SIPCO's Complaint as Exhibit A.  Control4 admits that Exhibit A is entitled "Wireless Communication Networks for Providing Remote Monitoring of Devices," and states on its face that the '511 patent issued on September 5, 2006 to StatSignal IPC, LLC with Thomas D. Petite as the named inventor.  Control4 lacks sufficient knowledge or

information to form a belief as to the truth or accuracy of the remaining allegations recited in paragraph 2, and therefore denies them.

3. Control4 admits that a copy of a document purporting to be U.S. Patent No. 7,468,661 (the "'661 patent") was attached to SIPCO's Complaint as Exhibit B. Control4 admits that Exhibit B is entitled "System and Method for Monitoring and Controlling Remote Devices" and states on its face that the '661 patent issued on December 23, 2008 to Hunt Technologies, Inc. with Thomas D. Petite and Richard M. Huff as the named inventors. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations recited in paragraph 3, and therefore denies them.

4. Control4 admits that a copy of a document purporting to be U.S. Patent No. 7,697,492 (the "'492 patent") was attached to SIPCO's Complaint as Exhibit C. Control4 admits that Exhibit C is entitled "Systems and Methods for Monitoring and Controlling Remote Devices" and states on its face that the '492 patent issued on April 13, 2010 to SIPCO, LLC with Thomas David Petite as the named inventor. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations recited in paragraph 4, and therefore denies them.

5. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 5, and therefore denies them.

6. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 6, and therefore denies them.

7. Control4 denies the allegations recited paragraph 7 to the extent these allegations relate to Control4. Control4 lacks sufficient knowledge or information to form a belief as to the

truth or accuracy of the allegations recited in paragraph 7 as applicable to the other Defendants in this action, and therefore denies them.

8. Control4 admits that SIPCO's Complaint purports to seek damages for the alleged infringement of the '511, '661, and '492 patents. Control4 denies the remaining allegations, if any, recited in paragraph 8.

### PARTIES

9. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 9, and therefore denies them.

10. Admitted.

11. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 11, and therefore denies them.

12. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 12, and therefore denies them.

13. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 13, and therefore denies them.

14. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 14, and therefore denies them.

15. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 15, and therefore denies them.

### JURISDICTION AND VENUE

16. Control4 admits that SIPCO's Complaint purports to assert claims of patent infringement under the patent laws of the United States, 35 U.S.C. § 101 et seq.

17. Admitted.

18. Control4 admits that it is subject to personal jurisdiction in this judicial district. Control4 admits that it may be served with process at 1173 S. Election Road, Suite 200, Draper, Utah 84020, through its registered agent for service of process, Will West. Control4 denies the remaining allegations recited in paragraph 18.

19. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 19, and therefore denies them.

20. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 20, and therefore denies them.

21. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 21, and therefore denies them.

22. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 22, and therefore denies them.

23. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 23, and therefore denies them.

24. Control4 denies that venue is convenient in this District. Control4 denies that it has committed acts of infringement in this judicial district, continues to commit acts of infringement in this judicial district, and that SIPCO is entitled to relief. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 24 as applicable to the other Defendants in this action, and therefore denies them.

## COUNT I
### ALLEGED INFRINGEMENT OF THE '511 PATENT

25. Control4 herein incorporates its responses and denials recited in paragraphs 1-24.

26.     Control4 denies that it has or is infringing any valid claim of the '511 patent. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations recited in paragraph 26, and therefore denies them.

27.     Denied.

28.     Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 28, and therefore denies them.

29.     Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 29, and therefore denies them.

30.     Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 30, and therefore denies them.

31.     Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 31, and therefore denies them.

32.     Control4 denies the allegations recited paragraph 32 to the extent these allegations relate to Control4.  Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 32 as applicable to the other Defendants in this action, and therefore denies them.

33.     Control4 denies the allegations recited paragraph 33 to the extent these allegations relate to Control4.  Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 33 as applicable to the other Defendants in this action, and therefore denies them.

34.     Control4 denies the allegations recited paragraph 34 to the extent these allegations relate to Control4.  Control4 lacks sufficient knowledge or information to form a belief as to the

truth or accuracy of the allegations recited in paragraph 34 as applicable to the other Defendants in this action, and therefore denies them.

## COUNT II
### ALLEGED INFRINGEMENT OF THE '661 PATENT

35.     Control4 herein incorporates its responses and denials recited in paragraphs 1-34.

36.     Control4 denies that it has or is infringing any valid claim of the '661 patent. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations recited in paragraph 36, and therefore denies them.

37.     Denied.

38.     Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 38, and therefore denies them.

39.     Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 39, and therefore denies them.

40.     Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 40, and therefore denies them.

41.     Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 41, and therefore denies them.

42.     Control4 denies the allegations recited paragraph 42 to the extent these allegations relate to Control4.  Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 42 as applicable to the other Defendants in this action, and therefore denies them.

43.     Control4 denies the allegations recited paragraph 43 to the extent these allegations relate to Control4.  Control4 lacks sufficient knowledge or information to form a belief as to the

truth or accuracy of the allegations recited in paragraph 43 as applicable to the other Defendants in this action, and therefore denies them.

44. Control4 denies the allegations recited paragraph 44 to the extent these allegations relate to Control4.  Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 44 as applicable to the other Defendants in this action, and therefore denies them.

### COUNT III
### ALLEGED INFRINGEMENT OF THE '492 PATENT

45. Control4 herein incorporates its responses and denials recited in paragraphs 1-44.

46. Control4 denies that it has or is infringing any valid claim of the '492 patent. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations recited in paragraph 46, and therefore denies them.

47. Denied.

48. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 48, and therefore denies them.

49. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 49, and therefore denies them.

50. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 50, and therefore denies them.

51. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 51, and therefore denies them.

52. Control4 denies the allegations recited paragraph 52 to the extent these allegations relate to Control4.  Control4 lacks sufficient knowledge or information to form a belief as to the

truth or accuracy of the allegations recited in paragraph 52 as applicable to the other Defendants in this action, and therefore denies them.

53. Control4 denies the allegations recited paragraph 53 to the extent these allegations relate to Control4. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 53 as applicable to the other Defendants in this action, and therefore denies them.

54. Control4 denies the allegations recited paragraph 54 to the extent these allegations relate to Control4. Control4 lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations recited in paragraph 54 as applicable to the other Defendants in this action, and therefore denies them.

### SIPCO'S PRAYER FOR RELIEF

To the extent that SIPCO's prayer for relief relates to Control4, Control4 denies that SIPCO is entitled to, or should receive, any relief, and requests that the Court deny all the relief sought by SIPCO.

### CONTROL4'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, and reserving its right to amend its answer as additional information becomes available, Control4 asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### NON-INFRINGEMENT

55. Control4 has not and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '511, '661, and '492 patents.

## SECOND AFFIRMATIVE DEFENSE
### INVALIDITY

56. The '511, '661, and '492 patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### PROSECUTION HISTORY ESTOPPEL

57. SIPCO is barred or limited from recovery, in whole or in part, by the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### LACHES, EQUITABLE ESTOPPEL, AND WAIVER

58. SIPCO is barred or limited from recovery, in whole or in part, by the doctrines of laches, equitable estoppel, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE
### 35 U.S.C. § 287

59. On information and belief, SIPCO's claim for damages is limited in whole, or in part, by 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

60. SIPCO's Complaint fails to plead its claim of indirect infringement, including its claims of contributory infringement and/or inducement, and its claim of willful infringement with sufficient specificity and factual support to state a claim for relief that is plausible on its face or to put Control4 on notice of SIPCO's allegations and, therefore, fails to state a claim on which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE
### NO INJUNCTIVE RELIEF

61. SIPCO is not entitled to any injunctive relief as SIPCO has, at a minimum, no irreparable injury, and an adequate remedy at law.

## CONTROL4'S PRAYER FOR RELIEF

WHEREFORE, Control4 respectfully requests the Court enter judgment in Control4's favor on the foregoing and enter a judgment granting the following relief:

A. That the Court dismiss SIPCO's Complaint;

B. That the Court dismiss SIPCO's claims against Control4 in their entirety, with prejudice;

C. That the Court find that SIPCO is not entitled to any of its requested relief, or any relief whatsoever;

D. That the Court find and declare that the claims of the '511, '661, and '492 patents are invalid;

E. That the Court find and declare that Control4 has not infringed, and is not now infringing, contributing to the infringement of, or inducing the infringement of any valid claims of the '511, '661, and '492 patents, directly or indirectly, under any subsection of 35 U.S.C. § 271;

F. That the Court find this to be an exceptional case entitling Control4 to an award of attorneys fees, expenses, and costs pursuant to 35 U.S.C. § 285; and

G. That the Court award Control4 such other and further relief as the Court deems just and appropriate.

## CONTROL4'S DEMAND FOR JURY TRIAL

Control4 demands trial by jury for all issues so triable.

Dated: July 13, 2010

Respectfully submitted,

/s/ *Timothy S. Teter*
Timothy S. Teter
Benjamin G. Damstedt
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400
teterts@cooley.com
bdamstedt@cooley.com

**ATTORNEYS FOR DEFENDANT CONTROL4 CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule of Civil Procedure 5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via facsimile and/or U.S. First Class Mail on July 13, 2010.

/s/ *Timothy S. Teter*

856936 /HN