**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SIPCO, LLC,<br><br>      *Plaintiff*,<br><br>v.<br><br>CONTROL4 CORPORATION; DIGI INTERNATIONAL INC.; HOME AUTOMATION INC.; SCHNEIDER ELECTRIC BUILDINGS AMERICAS, INC.; SCHNEIDER ELECTRIC USA, INC.; AND SIEMENS INDUSTRY, INC.<br><br>      *Defendants*. | CIVIL ACTION NO. 6:10-cv-249<br><br><u>JURY TRIAL DEMANDED</u> |

**DEFENDANT SIEMENS INDUSTRY, INC.'S
<u>FIRST AMENDED ANSWER AND DEFENSES</u>**

Defendant Siemens Industry, Inc. ("Siemens") hereby sets forth its First Amended Answer and Defenses to Plaintiff SIPCO, LLC's ("SIPCO") Complaint as follows:

**ANSWER**

Responding to the individually enumerated paragraphs of the Complaint, Siemens states as follows:

**Nature of Action**

1.      Siemens admits that the Complaint purports to state claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  As to allegations concerning Siemens only, Siemens denies that it is either infringing or willfully infringing any of SIPCO's patents.   Except as expressly admitted in this paragraph, Siemens lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 1 of the Complaint not concerning Siemens, and therefore denies them.

- 1 -

2.      Siemens admits that a copy of U.S. Patent No. 7,103,511 ("the '511 patent") was attached as Exhibit A to the Complaint.  Siemens admits that this copy states on its face that (a) it is entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices"; (b) it was issued on September 5, 2006; (c) StatSignal IPC, LLC is the assignee; and (d) Thomas D. Petite is the inventor.  Except as expressly admitted in this paragraph, Siemens lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 2 of the Complaint, and therefore denies them.

3.      Siemens admits that a copy of U.S. Patent No. 7,468,661 ("the '661 patent") was attached as Exhibit B to the Complaint.  Siemens admits that this copy states on its face that (a) it is entitled "System and Method for Monitoring and Controlling Remote Devices"; (b) it was issued on December 23, 2008; (c) Hunt Technologies, Inc. is the assignee; and (d) Thomas D. Petite and Richard M. Huff are the inventors.  Except as expressly admitted in this paragraph, Siemens lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 3 of the Complaint, and therefore denies them.

4.      Siemens admits that a copy of U.S. Patent No. 7,697,492 ("the '492 patent") was attached as Exhibit C to the Complaint.  Siemens admits that this copy states on its face that (a) it is entitled "Systems and Methods for Monitoring and Controlling Remote Devices"; (b) it was issued on April 13, 2010; (c) SIPCO is the assignee; and (d) Thomas D. Petite is the inventor. Except as expressly admitted in this paragraph, Siemens lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 4 of the Complaint, and therefore denies them

5.      Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      Siemens admits that SIPCO alleges it has granted licenses to practice the patents-in-suit to many companies.  Except as expressly admitted herein, Siemens lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 6 of the Complaint, and therefore denies them.

7.      As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 7 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint not concerning Siemens, and therefore denies them.

8.      Siemens admits that SIPCO seeks damages, but denies that Siemens has infringed or is continuing to infringe the asserted patents.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

**Parties**

9.      Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies them.

11.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15.     Siemens admits that it is a Delaware corporation.  Siemens's principal place of business is in Alpharetta, Georgia.  Except as expressly admitted herein, Siemens denies each and every allegation of Paragraph 15 of the Complaint.

### Jurisdiction and Venue

16.     Siemens admits that the Complaint purports to state claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

17.     Siemens denies that this Court has subject matter jurisdiction over this dispute between Siemens and SIPCO.

18.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies them.

19.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies them.

23.     Siemens denies that this Court has personal jurisdiction over Siemens.  Siemens admits that its registered agent is CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201.  Siemens denies that it has committed acts of infringement in this district, denies that it continues to commit acts of infringement in this district, and denies that SIPCO is entitled to relief.  Except as expressly admitted or denied, Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies them.

24.     Siemens denies the allegations of Paragraph 24 of the Complaint.

**Count I:  Purported Infringement of U.S. Patent No. 7,103,511**

25.     Siemens incorporates its answers to Paragraphs 1–24 of the Complaint as if fully set forth herein.

26.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 26 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint not concerning Siemens, and therefore denies them.

27.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies them.

28.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies them.

29.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies them.

30.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies them.

31.     Siemens denies the allegations of Paragraph 31 of the Complaint.

32.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 32 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint not concerning Siemens, and therefore denies them.

33.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 33 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint not concerning Siemens, and therefore denies them.

34.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 34 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint not concerning Siemens, and therefore denies them

**Count II:  Purported Infringement of U.S. Patent No. 7,468,661**

35.     Siemens incorporates its answers to Paragraphs 1–34 of the Complaint as if fully set forth herein.

36.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 36 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint not concerning Siemens, and therefore denies them.

37.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies them.

38.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies them.

39.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies them.

40.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies them.

41.     Siemens denies the allegations of Paragraph 41 of the Complaint.

42.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 42 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint not concerning Siemens, and therefore denies them.

43.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 43 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint not concerning Siemens, and therefore denies them.

44.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 44 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint not concerning Siemens, and therefore denies them

## Count III:  Purported Infringement of U.S. Patent No. 7,697,492

45.     Siemens incorporates its answers to Paragraphs 1–44 of the Complaint as if fully set forth herein.

46.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 46 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint not concerning Siemens, and therefore denies them.

47.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies them.

48.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies them.

49.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore denies them.

50.     Siemens lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies them.

51.     Siemens denies the allegations of Paragraph 51 of the Complaint.

52.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 52 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint not concerning Siemens, and therefore denies them.

53.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 53 of the Complaint.  Siemens lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint not concerning Siemens, and therefore denies them.

54.     As to allegations concerning Siemens only, Siemens denies the allegations of Paragraph 54 of the Complaint.  Siemens lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint not concerning Siemens, and therefore denies them

## **GENERAL DENIAL**

55.     Except as specifically admitted, Siemens denies each and every allegation contained in Paragraphs 1-54 of the Complaint and denies that SIPCO is entitled to any of the relief requested in its Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

56.     Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that Siemens must necessarily plead any of the following as an affirmative defense or that Siemens necessarily bears the burden of persuasion for any of the following, Siemens asserts the following defenses to SIPCO's Complaint:

### FIRST AFFIRMATIVE DEFENSE

57.     Siemens does not infringe, and has not infringed (directly, contributorily, or by inducement), any claim of the '511, '661 or '492 patents either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

58.     SIPCO's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

59.     Upon information and belief, 35 U.S.C. § 287 limits SIPCO's claims for damages for purported patent infringement.

### FOURTH AFFIRMATIVE DEFENSE

60.     SIPCO's infringement claims against Siemens are precluded under the doctrines of express license, patent exhaustion, implied license, release and/or payment.  In the alternative, to the extent that SIPCO's infringement claims against Siemens are not precluded under the doctrines of express license, patent exhaustion, implied license, release and/or payment, Siemens alleges that the '511, '661 and '492 patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in the United States patent laws, 35 U.S.C. § 101, et seq., including without limitation §§ 101, 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE

61.     SIPCO did not plead its claims of willful infringement with sufficient specificity or factual support to put Siemens on notice as to the claim being made and therefore fails to state a claim on which relief can be granted.

62.     SIPCO did not plead its claims of indirect infringement, including its claims of contributory infringement and/or inducement, with sufficient specificity or factual support to put Siemens on notice as to the claim being made and therefore fails to state a claim on which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

63.     By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution of the application that matured into the '511, '492, and '661 patents and reexamination of the '511 patent, SIPCO is estopped from asserting that Siemens has directly or indirectly infringed, any claim of the '511, '492, and '661 patents, either literally or under the doctrine of equivalents.

## SEVENTH AFFIRMATIVE DEFENSE

64.     The '661 and '511 patents are unenforceable because of inequitable conduct and fraud committed during prosecution before the USPTO.

## Background of the Patents-in-Suit

65.     The face of the '661 patent lists that it was filed on March 31, 2006 and issued on December 23, 2008.  The face of the '661 patent states that it is a continuation of U.S. Patent Application No. 10/139,492, which issued as U.S. Patent No. 7,053,767 ("the '767 patent").  The face of the '767 patent states that it is a continuation of U.S. Patent Application No. 09/439,059, which issued as U.S. Patent No. 6,437,692 ("the '692 patent").  Thomas D. Petite and Richard M. Huff are listed as inventors on the face of the '661, '767 and '692 patents.

66.     The face of the '511 patent lists that it was filed on August 9, 2001 and issued on September 6, 2006.  Thomas D. Petite is listed as the inventor on the face of the '511 patent.

67.     The face of the '492 patent lists that it was filed on June 23, 2005 and issued on April 13, 2010.  The face of the '492 patent states that it is a continuation of U.S. Patent Application No. 09/812,044, which issued as U.S. Patent No. 6,914,893.  Thomas D. Petite is listed as the inventor on the face of the '492 and '893 patents.

68.     The '661, '511, and '492 patents are related patents because at least the faces of the patents claim priority to several of the same patent applications.  The faces of the '661, '511, and '492 patents all claim priority as continuation-in-parts to at least U.S. Patent Application Nos. 09/412,895, 09/271,517, 09/102,178, and 09/172,554.  The face of the '511 and '492 patents both claim priority as continuation-in-parts to the '692 patent.

69.     The '511 patent identifies approximately 355 cited references that were not cited during the prosecution of the '661 patent, including U.S. Patent Nos. 6,141,347 ("Shaughnessy"), 6,288,641 ("Casais"), 6,735,630 ("Gelvin"), and U.S. Patent No. 6,064,318 ("Kirchner").

**Inequitable Conduct during the Prosecution of the '661 Patent**

**Failure to Disclose Shaughnessy and Casais and Related Material Information**

70.     The '661 patent is unenforceable because inequitable conduct was committed during the prosecution of the '661 patent by Attorney N. Andrew Crain (individually and/or collectively with other prosecuting attorneys at the law firm of Thomas, Kayden, Horstemeyer & Risley, L.L.P.) and Inventor Petite, who, upon information and belief, deliberately withheld

- 12 -

material references, namely Shaughnessy and Casais, and material information, namely related portions of the prosecution of the '511 patent, with intent to deceive the USPTO.

71.     Attorney Crain, a patent attorney involved in the prosecution of the '661 patent, and Inventor Petite, an inventor of the '661 patent, each had an individual duty of candor and good faith to the USPTO, including an obligation to disclose to the USPTO all information known to them that was material to the patentability of the application which led to the '661 patent.

72.     Shaughnessy was filed on March 31, 1999 and issued October 31, 2000.  It is prior art to the '661 patent, at least under 35 U.S.C. § 102(e).

73.     Casais was filed on September 15, 1999 and issued on August 27, 2001.  It is prior art to the '661 patent, at least under 35 U.S.C. § 102(e).

74.     In a January 3, 2003 Office Action from the prosecution of '511 patent, the USPTO rejected all of the pending claims of the '511 patent as obvious either based on a combination of U.S. Patent No. 5,907,491 ("Canada") and Shaughnessy or a combination of Canada, Shaughnessy, and Casais.  In that Office Action, the USPTO stated that Shaughnessy teaches a wide area network, a predefined communication protocol, a data packet, a receiver address identifying the receiver of the data packet, a sender address identifying the sender of the data packet, a command indicator specifying a predefined command code, a total packet indicator which indicates the total number of packets in the current message, a current packet indicator which identifies the current packet a message number identifying the current message. As to Casais, the USPTO stated that it teaches a plurality of wireless transceivers configured to receive signals via Bluetooth technology and IEEE standard 802.11(b).

75.     Throughout the rest of the prosecution of the '511 patent, the various teachings of Shaughnessy and Casais were discussed repeatedly.  On April 8, 2003, the patentee filed a response and amendment to the January 3, 2003 Office Action addressing the teachings of Shaughnessy and Casais and the combination with other references.  On July 1, 2003, the USPTO issued another Office Action maintaining its rejections based of Canada, Shaughnessy and Casais.  The USPTO pointed out that the cited references are "in the field of applicant's endeavor."  On August 19, 2003, the patentee filed a second response and amendment.  The USPTO reiterated its rejection of the claims of the '511 patent again based on Canada, Shaughnessy, and Casais in a September 25, 2003 Advisory Action.  On January 5, 2004, the patentee filed an appeal brief to the Board of Patent Appeals and Interferences ("BPAI") arguing against the rejections based on Canada, Shaughnessy and Casais.  On March 26, 2004, the USPTO answered, and Attorney Crain, on behalf of the patentee, filed a reply brief on May 13, 2004.  On August 31, 2005, the BPAI issued its decision overturning the rejection of the pending claims, and the application eventually issued as the '511 patent.

76.     The claims of the '661 patent and '511 patent are similar in scope and use similar claim language.  For example, the independent claims of both the '661 patent and '511 patent share claim limitations such as "wide area network," "wireless transceiver," "repeated" data message, "sensor" and "remote" device.

77.     Shaughnessy and Casais both disclose a transceiver electrically interfaced with a sensor. In a January 23, 2008 Amendment during the prosecution of the '661 patent, the patentee argued that, among other things, its claims were patentable over the prior art used in a rejection because the limitation of a transceiver electrically interfaced with a sensor, which is in claims

independent claims 1, 2, 5, 9, and 12 of the '661 patent, was not found in the prior art relied on by the USPTO.

78.     Shaughnessy and Casais were material to the patentability of the '661 patent because the patents by themselves or in combination with other information establish a prima facie case of unpatentability of the claims of the '661 patent.

79.     Shaughnessy and Casais were not cited during the prosecution of the '661 patent and are not cumulative of any other reference of record.

80.     The aforementioned portions of the prosecution of the '511 patent discussing Shaughnessy and Casais were also material to the patentability of the '661 patent.  For example, the statements made by the patentee, prosecuting attorney, inventor, USPTO, and BPAI during the prosecution of the '511 patent affect the scope of the terms in the claims of the '661 patent. These portions of the prosecution of the '511 patent were not cited during the prosecution of the '661 patent and are not cumulative of any other reference of record.

81.     Shaughnessy was disclosed in at least nine other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely U.S. Patent Nos. 7,079,810, 7,137,550, 7,263,073, 7,295,128, 7,397,907, 7,424,527, 7,650,425, and 7,697,492, and U.S. Patent App. No. 12/477,329.  Casais was disclosed in at least four other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely, U.S. Patent Nos. 7,137,550, 7,650,425, and 7,739,378, and U.S. Patent App. No. 12/477,329.  In many of these applications, Shaughnessy and Casais were submitted to the USPTO before December 23, 2008, the issue date for the '661 patent.

82.     On information and belief, during prosecution of the '661 patent, Attorney Crain and Inventor Petite were aware of Shaughnessy, Casais, and the related portions of the prosecution of the '511 patent and did not submit them to the USPTO, as described above.  On information and belief, Attorney Crain and Inventor Petite, as the prosecuting attorney and inventor of both the '661 and '511 patents, respectively, were aware that Shaughnessy, Casais, and the related portions of the prosecution of the '511 patent were material to patentability and withheld them during the prosecution of the '661 patent with intent to deceive the USPTO.  As a result, the USPTO did not receive or otherwise consider Shaughnessy, Casais and the related portions of the prosecution of the '511 patent during the prosecution of the '661 patent.

**Failure to Disclose the '511 Patent**

83.     The '661 patent is unenforceable because inequitable conduct was committed during the prosecution of the '661 patent by prosecuting attorney, N. Andrew Crain (individually and/or collectively with other prosecuting attorneys at the law firm of Thomas, Kayden, Horstemeyer & Risley, L.L.P.), and inventor, Thomas D. Petite, who, upon information and belief, deliberately withheld material references, namely the '511 patent and its patent application, with intent to deceive the USPTO.

84.     Attorney Crain, a patent attorney involved in the prosecution of the '661 patent, and Inventor Petite, an inventor of the '661 patent, each had an individual duty of candor and good faith to the USPTO, including an obligation to disclose to the USPTO all information known to them that was material to the patentability of the application which led to the '661 patent.

85.     The withheld '511 patent and patent application are material to the patentability of the '661 patent because certain claims of the '511 patent are not patentably distinct from certain claims of the '661 patent.  For example, issued claim 1 of the '511 patent (*i.e.*, application claim 1) is patentability indistinct from claim 5 of the '661 patent.  The '511 patent and patent application are not cumulative of any other reference of record during the prosecution of the '661 patent.

86.     On information and belief, during prosecution of the '661 patent, Attorney Crain and Inventor Petite were aware of the '511 patent and patent application and did not submit them to the USPTO, as described above.  On information and belief, Attorney Crain and Inventor Petite, as the prosecuting attorney and inventor of both the '661 and '511 patents, respectively, were aware that the '511 patent and patent application were material to patentability and withheld them during the prosecution of the '661 patent application with intent to deceive the USPTO.  The USPTO did not receive or otherwise consider the '511 patent or patent application during the prosecution of the '661 patent.

**Failure to Disclose the DARPA Packet Radio Network Protocols Reference**

87.     The '661 patent is unenforceable because inequitable conduct was committed during the prosecution of the '661 patent by inventor, Thomas D. Petite, who, upon information and belief, deliberately withheld a material reference, namely The DARPA Packet Radio Network Protocols, by John Jubin and Janet D. Tornow, Proceedings of the IEEE, v. 75, n. 1, pp. 21-32 (Jan. 1987) ("Darpa"), with intent to deceive the USPTO.

88.     Inventor Petite, an inventor of the '661 patent, had an individual duty of candor and good faith to the USPTO, including an obligation to disclose to the USPTO all information

- 17 -

known to him that was material to the patentability of the application which led to the '661 patent.

89.     Darpa was published in January 1987. It is prior art to the '661 patent, at least under 35 U.S.C. § 102(b).

90.     Darpa discloses a wireless communication network.  For example, Fig. 4 shows packet radios in communication with gateways and host computers.  The packet radios are configured to wirelessly transmit and receive data messages and repeat data messages received from other packet radios.

91.     On January 1, 2008, during the prosecution of the '661 patent, SIPCO asserted the '511 patent against the Toro Company et al. in a patent infringement suit in the Eastern District of Pennsylvania (08-CV-00505).  During that litigation, the defendants alleged that the '511 patent was invalid as obvious in view of Darpa combined with other references and moved for summary judgment on that basis. Defendants stated:  "This article discloses the very element found lacking in the art considered by the Board – a wireless transceiver associated with a remote device configured to originate a data message and receive and repeat a data message received from another wireless transceiver associated with a remote device.  When considered in light of the prior art, the claims of the '511 patent are obvious."

92.     In a January 23, 2008 Amendment during the prosecution of the '661 patent, the patentee argued, among other things, that its claims were patentable over the prior art used by the USPTO in a rejection because the limitation of a wireless transceiver configured to receive and retransmit information, which is in independent claims 1, 2, 5, 9, and 12 of the '661 patent, was

not found in the prior art relied on by the USPTO.  Darpa, which was not before the USPTO during the prosecution of the '661 patent, discloses this limitation.

93.   Darpa was material to the patentability of the '661 patent because the reference alone or in combination with other information establishes a prima facie case of unpatentability of the claims of the '661 patent.  Darpa was not cited during the prosecution of the '661 patent and is not cumulative of any other reference of record.

94.   On April 18, 2008, during the prosecution of '492 patent, the patentee, disclosed Darpa to the USPTO in an Information Disclosure Statement.  The patentee represented that "certain of the cited references disclosed in this submission were discovered during the course of prosecution of co-pending applications" including those related to the '661 patent.

95.   Similarly, in April of 2008, Darpa was disclosed in at least five other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely U.S. Patent Nos. 7,397,907, 7,424,527, 7,480,501, 7,650,425, 7,739,378.  Darpa was also disclosed in U.S. Patent App. No. 12/477,329, which is related to the '661 patent and lists Petite as a named inventor.

96.   On information and belief, during prosecution of the '661 patent, Inventor Petite was aware of Darpa and did not submit it to the USPTO. On information and belief, Inventor Petite was aware that Darpa was material to patentability and withheld it during the prosecution of the '661 patent with intent to deceive the USPTO.  The USPTO did not receive or otherwise consider Darpa during the prosecution of the '661 patent.

**Failure to Disclose Gelvin**

97.     The '661 patent is unenforceable because inequitable conduct was committed during the prosecution of the '661 patent by inventor, Thomas D. Petite, who, upon information and belief, deliberately withheld a material reference, namely, Gelvin, with intent to deceive the USPTO.

98.     Inventor Petite, an inventor of the '661 patent, had an individual duty of candor and good faith to the USPTO, including an obligation to disclose to the USPTO all information known to him that was material to the patentability of the application which led to the '661 patent.

99.     Gelvin was filed on October 4, 2000 and claims the benefit of at least Provisional App. No. 60/158,013 which was filed on October 6, 1999.  Gelvin issued on May 11, 2004. It is prior art to the '661 patent, at least under 35 U.S.C. § 102(e).

100.     Gelvin discloses a system for remote data collection using compact internetworked wireless integrated network sensors.  For example, Figs. 8, 9, 25, 26 of Gelvin show wireless networks with at least one sensor node in communication with a gateway node which may interface with a server, the internet, and remote users.  The nodes are configured to wirelessly transmit and receive data messages and repeat data messages received from nodes. Fig. 24 shows a data structure that is used in an embodiment.

101.     Gelvin was material to the patentability of the '661 patent because the reference alone or in combination with other information establishes a prima facie case of unpatentability of the claims of the '661 patent.  Gelvin was not cited during the prosecution of the '661 patent and is not cumulative of any other reference of record.

102.    On December 5, 2005, during the prosecution of the '511 patent, the patentee disclosed Gelvin to the USPTO in an Information Disclosure Statement.

103.    On July 8, 2009, during the prosecution of '492 patent, the patentee disclosed Gelvin to the USPTO in an Information Disclosure Statement.  The patentee represented that "the cited references have been cited during reexamination and/or during the course of litigation of related patent assets in the same field as the present Application."

104.    Similarly, Gelvin was disclosed in at least eleven other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely U.S. Patent Nos. 6,914,893, 7,079,810, 7,137,550, 7,263,073, 7,295,128, 7,397,907, 7,424,527, 7,480,501, 7,650,425, 7,739,378, and U.S. App. No. 12/477,329.  In many of these patent applications, Gelvin was submitted to the USPTO before December 23, 2008, the issue date for the '661 patent.

105.    On information and belief, during prosecution of the '661 patent, Inventor Petite was aware of Gelvin and did not submit it to the USPTO.  On information and belief, Inventor Petite was aware that Gelvin was material to patentability and withheld it during the prosecution of the '661 patent with intent to deceive the USPTO.  The USPTO did not receive or otherwise consider Gelvin during the prosecution of the '661 patent.

## Failure to Disclose Kirchner

106.    The '661 patent is unenforceable because inequitable conduct was committed during the prosecution of the '661 patent by inventor, Thomas D. Petite, who, upon information and belief, deliberately withheld a material reference, namely, Kirchner with intent to deceive the USPTO.

107.    Inventor Petite, an inventor of the '661 patent, had an individual duty of candor and good faith to the USPTO, including an obligation to disclose to the USPTO all information known to him that was material to the patentability of the application which led to the '661 patent.

108.    Kirchner was filed on June 11, 1996 and issued on May 16, 2000.  It is prior art to the '661 patent, at least under 35 U.S.C. § 102(e).

109.    Kirchner discloses a wireless communication network that is a portable system for automatic data acquisition and processing of traffic information in real-time.  For example, Fig. 2 shows a central system control in communication with roadside remote stations that receive traffic data from sensors and are configured to wirelessly transmit and receive data messages and repeat data messages received from other roadside remote stations.  The roadside remote stations provide sensor data wirelessly to a central system controller.  The system can be monitored and controlled remotely through a telephone or radio connection.

110.    Kirchner was material to the patentability of the '661 patent because the reference alone or in combination with other information establishes a prima facie case of unpatentability of the claims of the '661 patent.  Kirchner was not cited during the prosecution of the '661 patent and is not cumulative of any other reference of record.

111.    On December 5, 2005, during the prosecution of the '511 patent, the patentee disclosed Kirchner to the USPTO in an Information Disclosure Statement.

112.    On July 8, 2009, during the prosecution of '492 patent, the patentee disclosed Kirchner to the USPTO in an Information Disclosure Statement.  The patentee represented that

"the cited references have been cited during reexamination and/or during the course of litigation of related patent assets in the same field as the present Application."

113.    Similarly, Kirchner was disclosed in at least nine other patent applications related to the '661 patent where Inventor Petite was a named inventor, namely U.S. Patent Nos. 7,079,810, 7,137,550, 7,263,073, 7,295,128, 7,397,907, 7,424,527, 7,480,501, 7,650,425, 7,739,378, and U.S. Patent App. No. 12/477,329.  In many of these patent applications, Kirchner was submitted to the USPTO before December 23, 2008, the issue date for the '661 patent.

114.    On information and belief, during prosecution of the '661 patent, Inventor Petite was aware of Kirchner and did not submit it to the USPTO.  On information and belief, Inventor Petite was aware that Kirchner was material to patentability and withheld it during the prosecution of the '661 patent with intent to deceive the USPTO.  The USPTO did not receive or otherwise consider Kirchner during the prosecution of the '661 patent.

### Inequitable Conduct during the Prosecution of the '511 Patent

### Failure to Disclose the '767 Patent

115.    The '511 patent is unenforceable because inequitable conduct was committed during the prosecution of the '511 patent by prosecuting attorneys, Daniel McClure and N. Andrew Crain (individually and/or collectively with other prosecuting attorneys at the law firm of Thomas, Kayden, Horstemeyer & Risley, L.L.P.), and inventor, Thomas D. Petite, who, upon information and belief, deliberately withheld material references, namely the '767 patent and its patent application, with intent to deceive the USPTO.

116.    Attorneys McClure and Crain, patent attorneys involved in the prosecution of the '511 and '767 patents, and Inventor Petite, an inventor of the '511 and '767 patents, each had an

individual duty of candor and good faith to the USPTO, including an obligation to disclose to the USPTO all information known to them that was material to the patentability of the application which led to the '511 patent.

117. The withheld '767 patent and patent application are material to the patentability of the '511 patent because certain claims of the '767 patent are not patentably distinct from certain claims of the '511 patent. For example, issued claims 1 and 5 of the '767 patent (*i.e.,* application claims 73 and 83) are patentability indistinct from claim 1 of the '511 patent. The '767 patent and patent application are not cumulative of any other reference of record.

118. On information and belief, during prosecution of the '511 patent, Attorneys McClure and Crain and Inventor Petite were aware of the '767 patent and patent application and did not submit them to the USPTO. On information and belief, Attorneys McClure and Crain and Inventor Petite were aware that the '767 patent and patent application were material to patentability and withheld them during the prosecution of the '511 patent application with intent to deceive the USPTO. The USPTO did not receive or otherwise consider the '767 patent or patent application during the prosecution of the '511 patent.

**Inequitable Conduct during Re-Examination of the '511 Patent**

119. The '511 patent is unenforceable because inequitable conduct was committed during the re-examination of the '511 patent by attorneys Abraham Hershkovitz and Ed Garcia-Otero and inventor David Petite, who, individually and/or collectively, deliberately misrepresented highly material facts concerning prior art of record, namely U.S. Pat. No. 6,124,806 ("Cunningham"), with the specific intent to deceive the USPTO.

## DEMAND FOR JURY TRIAL

Siemens hereby demands trial by jury for all issues so triable in connection with both SIPCO's Complaint and Siemens's Defenses.

## PRAYER FOR RELIEF

WHEREFORE, Siemens prays for a judgment against Plaintiff SIPCO, LLC as follows:

a.      that the Court dismiss SIPCO's Complaint with prejudice;

b.      that the Court deny SIPCO any and all relief it has requested in its Complaint;

c.      that the Court deny any preliminary or permanent injunctive relief in favor of SIPCO and against Siemens;

d.      that SIPCO shall take nothing by way of its Complaint;

e.      that the Court find that this case is an exceptional case under 35 U.S.C. § 285, and require SIPCO to pay costs of suit that Siemens has incurred, including attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

f.      that the Court find that the patents-in-suit are unenforceable due to inequitable conduct and fraud; and

g.      that the Court grant Siemens such other and further relief as this Court deems just and equitable.

Respectfully submitted this 22nd day of November, 2010.


/s/Nagendra Setty
Nagendra Setty
Georgia Bar No. 636205
Thad C. Kodish
Georgia Bar No. 427603
Noah C. Graubart
Georgia Bar No. 141862
Aamir A. Kazi
Georgia Bar No. 104235
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA 30309
Ph:  404-892-5005
Fax:  404-892-5002
setty@fr.com
tkodish@fr.com
graubart@fr.com
kazi@fr.com

**ATTORNEYS FOR DEFENDANT
SIEMENS INDUSTRY, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I have electronically filed the foregoing **DEFENDANT**

**SIEMENS INDUSTRY, INC.'S AMENDED ANSWER AND DEFENSES** with the Clerk of

Court using the CM/ECF Systems, which will automatically send email notification of such

filing to all attorneys of record.

This 22nd day of November, 2010.

*/s/Nagendra Setty*
Nagendra Setty